(162 App. Div. 791)

### COHN v. ANSONIA REALTY CO.   (No. 5749.)

(Supreme Court, Appellate Division, First Department.   June 5, 1914.)

1. LANDLORD AND TENANT (§ 164*)—OPERATION OF ELEVATOR—NEGLIGENCE OF OPERATOR.

   Where the operator of an elevator in an apartment house left the elevator unattended with the door open or unlatched, in consequence of which two children, living in the house entered the car and it started in motion, the proprietor of the building was chargeable with negligence, though the car was started by the children.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. § 164.*]

2. DAMAGES (§ 52*)—NEGLIGENCE (§ 62*)—OPERATION OF ELEVATOR—FRIGHT RESULTING IN PHYSICAL INJURY—RIGHT TO RECOVER.

   Though recovery cannot be had for fright alone, unconnected with physical injury, yet where plaintiff, on discovering that her two children had entered an elevator negligently left unattended, and that it was ascending with them, was so overcome by fright that she fainted and fell into the elevator shaft, she was entitled to recover from the proprietor of the building for the resulting injuries.

   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 100, 255; Dec. Dig. § 52;* Negligence, Cent. Dig. §§ 76–79; Dec. Dig. § 62.*]

3. LANDLORD AND TENANT (§ 164*)—OPERATION OF ELEVATOR—ANTICIPATED INJURY.

   That the operator of an elevator could not reasonably have foreseen, when he negligently left the elevator unattended, that plaintiff's children would enter the car, and that plaintiff, upon discovering that the car was ascending with them in it, would faint and fall into the elevator shaft, did not preclude plaintiff from recovering from the proprietor of the building for the resulting injuries.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. § 164.*]

   McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

George J. McDonnell, of New York City, for appellant.

Wales F. Severance, of New York City, for respondent.

SCOTT, J.   [1] Plaintiff, a young married woman, with three children, lived in an apartment on the ground floor of a house owned by defendant. The elevator shaft was directly opposite the door to her apartment, and distant, therefore, only three or four feet. She left her apartment with her children, and the two elder ones ran ahead into the elevator car, while plaintiff turned to lock her door. When she faced about again she saw the car ascending with her two children in it, and no operator, and the door opening from the hallway into the elevator shaft, as well as the door of the car open. She was so overcome by fright that she fainted and fell into the elevator shaft. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

elevator operator, employed by defendant, admittedly had left the elevator unattended while he had gone for some purpose to a rear room. He conceded on the stand that he had not closed the door leading from the hall into the shaft; that he never did so except when the elevator was in motion; and that he had never been instructed to do so. He said that he had closed the door of the car, but that it did not catch and was very easily opened and shut. The jury was quite justified in inferring that he had not closed the door at all, or at least had only partially closed it. Under the circumstances, even if the door of the car was closed, it was not latched, and a prudent person might have anticipated that some one would enter the car while the attendant was away. To leave the car in that condition was certainly careless. It does not appear what caused the car to start. It may be, as defendant insists must have been the case, that the children started it. But, even so, the opportunity to start it resulted from the carelessness of the operator in leaving the car in such a condition that any unauthorized person could enter it and start it in motion. In my opinion the jury was quite justified in convicting the defendant of negligence. Tousey v. Roberts, 114 N. Y. 312, 21 N. E. 399, 11 Am. St. Rep. 655; Wilcox v. City of Rochester, 190 N. Y. 137, 82 N. E. 1119, 17 L. R. A. (N. S.) 741, 13 Ann. Cas. 759; Jolliffe v. Miller, 126 App. Div. 763, 111 N. Y. Supp. 406, affirmed 196 N. Y. 504, 89 N. E. 1102.

[2] But it is urged that it was plaintiff's fright which was the proximate cause of her injuries, and that defendant is not responsible in damages for the consequence of a fright caused by its negligence. For fright alone, unconnected with physical injury, it is true that no recovery can be had, but, when the fright results in an actual physical injury, a different rule prevails. Jones v. Brooklyn Heights R. R. Co., 23 App. Div. 141, 48 N. Y. Supp. 914; Wood v. N. Y. Cen. & H. R. R. R. Co., 83 App. Div. 604, 82 N. Y. Supp. 160, affirmed 179 N. Y. 557, 71 N. E. 1142.

[3] It is also said that, even if it was negligent to leave the car in the condition in which it was left, still the operator could not reasonably have foreseen that such an accident as this would occur. It was not necessary, however, that the operator should have been able to anticipate that this particular accident would happen. He was bound to know, however, that, if he left the car so circumstanced that any person might enter it and start it up, it might happen that some one would do so, and, if that did happen, the entrances to the shaft from the hall would inevitably have been left wide open, for he confessedly had not closed the door leading from the hall into the shaft.

In my opinion the judgment and order appealed from should be affirmed, with costs.

INGRAHAM, P. J., and CLARKE and HOTCHKISS, JJ., concur.

McLAUGHLIN, J. (dissenting). The plaintiff with her husband and three children, occupied an apartment on the ground floor of defendant's apartment house, in which it, for the use of the tenants, maintained an electric elevator. The door to the apartment occupied

by plaintiff was located some three or four feet from the entrance to the elevator.   On the 19th of December, 1910, the plaintiff left her apartment with her two children, aged three and four years, respectively, for the purpose of going to the third floor.. While she was locking the door to her apartment, the two children entered the elevator, and as she turned around she saw the car ascending, with the children, without any operator.   Thereupon she became frightened, fainted, and fell into the opening caused by the removal of the car, and sustained the injuries of which she complains.   She had a verdict for a substantial amount, and, from the judgment entered thereon and an order denying a motion for a new trial, defendant appeals.

I am unable to agree with the other members of the court that the judgment should be affirmed.   The proximate cause of the plaintiff's injuries was due, not to the negligence of the defendant in leaving the door or gate open, if it were negligent in this respect, but to her fainting when she saw her two children going up in the car.

"In determining what is proximate cause, the true rule is that the injury must be the natural and probable consequence of the negligence; such a consequence as, under the surrounding circumstances of the case, might and ought to have been seen by the wrongdoer as likely to flow from his act." Mitchell v. Rochester Ry. Co., 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604; Hack v. Dady, 134 App. Div. 253, 118 N. Y. Supp. 906; Hutchinson v. Stearn, 115 App. Div. 791, 101 N. Y. Supp. 145; Lehman v. Brooklyn City R. R. Co., 47 Hun, 355.

Defendant owed plaintiff no duty to protect her from fright or from fainting by reason of it.   The defendant was not bound to anticipate that the plaintiff, upon seeing her children going up in the car without an operator, would faint, and by reason thereof fall and sustain the injuries which she did.

There is another reason which seems to me to be fatal to the judgment.   There is no evidence in the record which shows what caused the car to start, nor does it appear that the elevator was in any way defective or that it started of its own accord.   The mere fact that the elevator started is not enough on which to predicate a liability.

Upon both grounds, therefore, I think the judgment should be reversed, and a new trial ordered.