[L. A. No. 4442. Department Two.—November 19, 1918.]

## O. P. LINDLEY et al., Respondents, v. E. W. KNOWLTON, Appellant.

NEGLIGENCE — INJURIES FROM ATTACK BY CHIMPANZEE — DAMAGES—INSTRUCTIONS.—In an action for damages by a husband and wife on account of personal injuries alleged to have been sustained by the wife, because of fright occasioned by the appearance in plaintiffs' home of a chimpanzee owned and negligently allowed to escape by defendant, the animal attacking plaintiffs' children and being beaten off by the mother with great effort, the court properly instructed the jury that no verdict might be given plaintiffs unless the wife received injuries which were the natural consequences of fright caused as alleged in the complaint, that unless the evidence showed, by a preponderance thereof, that the occurrence had taken place and was "the efficient, proximate, and producing cause of the injuries complained of or of the conditions of ill health, if any, on the part of the plaintiff (the wife), or some of said conditions or injuries," their verdict must be for the defendant, and also that they might consider the wife's previous physical condition in determining whether the results of which she complained were or were not the consequence of general ill health.

ID.—FRIGHT—BODILY INJURY—DANGER TO THIRD PERSON.—In such a case the court properly refused to instruct the jury at defendant's request that no recovery might be had unless the fright occasioned by defendant was accompanied by some personal and bodily injury, that the injury must be a physiological one, and that no recovery might be had on account of fright produced by apprehended danger or peril to a third person.

ID.—RESULTS OF FRIGHT—RIGHT OF ACTION.—Physical injuries occasioned by fright caused by the negligence of another need not be contemporaneous with the fright to entitle the injured person to recover damages therefor.

ID.—FEAR FOR OTHERS—DANGER TO SELF.—In such a case the court's refusal to instruct the jury that no recovery might be had on account of fright produced by apprehended danger or peril to a third person was justified where all of the circumstances made it impossible that the mother should have been devoid of fear for her own safety, although she was also in fear for her children.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank H. Snyder, for Appellant.

Gordon Boller, and Hunsaker & Britt, for Respondents.

MELVIN, J.—O. P. Lindley and his wife, Lillian S. Lindley, sued defendant for damages on account of personal injuries, alleged to have been sustained by Mrs. Lindley because of fright occasioned by the appearance and acts of a chimpanzee owned by Knowlton. The complaint contained allegations that the animal was so negligently kept by defendant that it escaped from restraint and entered the dwelling-house of plaintiffs, where Mrs. Lindley and her two little children were at the time; that it attacked the two children successively, choking one of them severely; that the mother successfully, though with great effort, contended with the chimpanzee, rescuing her children from it, although the beast weighed about 165 pounds; and that in consequence of the said animal entering the house and seizing the children Mrs. Lindley was greatly frightened, shocked, and made sick in body and mind. It was averred that as a consequence her nervous system was disordered; she was rendered hysterical and caused to suffer pain and mental anguish; and that she was confined to her bed for many months as a result of the permanent injuries to her physical health and mind and nervous system. The proof offered tended to sustain these allegations. A verdict was given in favor of plaintiffs for two thousand dollars; judgment was entered accordingly, and defendant appeals from said judgment.

Appellant contends that the court erred in refusing to give certain instructions involving the following propositions: (1) No recovery may be had unless the fright occasioned by defendant was accompanied by some personal and bodily injury; (2) The injury must be a physiological one; and (3) No recovery may be had on account of fright produced by apprehended danger or peril to a third person.

The court did tell the jurors that no verdict might be given for plaintiffs unless Mrs. Lindley received injuries which were the natural consequences of fright caused as alleged in the complaint. They were told that unless the evidence showed, by a preponderance thereof, that the occurrence recited in the complaint had taken place and was "the efficient, proximate, and producing cause of the injuries complained

of or of the conditions of ill health, if any, on the part of the plaintiff, Lillian S. Lindley, or some of said conditions or. injuries,'' their verdict must be for the defendant. Another instruction was to the effect that they might consider Mrs. Lindley's previous physical condition in determining whether the results of which she complained were or were not the consequences of general ill health. The instructions were full and fair, and the refusal to give those offered by defendant was not error.

Conceding the full force of appellant's first contention that no damages may be given for mere fright, we are of the opinion that the court sufficiently covered this matter in the instructions to which we have alluded. The complaint was not drawn upon the theory that the lady had merely suffered the mental discomfort of fear, but was based upon a claim of damages for permanent, physical disorders proximately arising from the occurrences set forth in the pleading; and the court carefully instructed the jury that no verdict for plaintiffs should be returned unless under the issues of the case both the fright and the alleged physical consequences thereof were proven by a preponderance of the evidence. The law upon the subject of fright and its consequences has been long settled in California, and settled in a way which disposes of appellant's contention that the physical injury for which damages may be given must accompany the fright. In *Sloane v. Southern California Ry. Co.*, 111 Cal. 668, 681, [32 L. R. A. 193, 44 Pac. 320], in the opinion prepared by Mr. Justice Harrison, quotation is made from *Bell* v. *Great Northern Ry. Co.*, L. R. 26 Ir. 428, a case in which the contention was made that the jury should be told that unless fright was accompanied by physical injury, even though there might be nervous shock occasioned by the fright, such damages would be too remote. The quotation adopted by this court from the opinion in the Bell case was as follows:

''It is admitted that as the negligence caused fright, if the fright contemporaneously caused physical injury, the damage would not be too remote. The distinction insisted upon is one of time only. The proposition is that, although if an act of negligence produces such an effect upon particular structures of the body as at the moment to afford palpable evidence of physical injury, the relation of proximate cause and effect exists between such negligence and the injury, yet such

relation cannot in law exist in the case of a similar act producing upon the same structures an effect which, at a subsequent time—say a week, a fortnight, or a month—must result without any intervening cause in the same physical injury. As well might it be said that a death caused by poison is not to be attributed to the person who administered it, because the mortal effect is not produced contemporaneously with its administration.''

And the whole matter is most admirably epitomized in the language of Mr. Justice Harrison in the Sloane case: ''Whatever may be the influence by which the nervous system is affected, its action under that influence is entirely distinct from the mental process which is set in motion by the brain. The nerves and nerve centers of the body are a part of the physical system, and are not only susceptible of lesion from external causes, but are also liable to be weakened and destroyed from causes primarily acting upon the mind. If these nerves or the entire nervous system is thus affected, there is a physical injury thereby produced, and, if the primal cause of this injury is tortious, it is immaterial whether it is direct, as by a blow, or indirect through some action upon the mind.''

The rule which appellant seeks to invoke is only applicable in cases in which fright alone is made the gravamen of action. (*Easton* v. *United Trade School Contracting Co.,* 173 Cal. 199, [L. R. A. 1917A, 394, 159 Pac. 597].) In the case at bar physical detriment was pleaded and there was evidence tending strongly to sustain the allegations of the complaint.

The above quoted and cited authorities fully uphold the action of the court in refusing to give the proffered instructions in two of the classes indicated by defendant. It remains for us to examine the contention that the court should have informed the jury that no recovery may be had on account of fright produced by apprehended danger or peril to a third person. Appellant insists that the authorities are uniform in upholding this rule. But there is excellent authority to the contrary. (*Hill* v. *Kimball,* 76 Tex. 210, [7 L. R. A. 618, 13 S. W. 59]; *Wilkinson* v. *Downton,* L. R. [1897], 2 Q. B. 57; *Cohn* v. *Ansonia Realty Co.,* 162 App. Div. 791, [148 N. Y. Supp. 39].) It is not necessary, however, to discuss any conflict of authority on this subject, because in this case, as in *Easton* v. *United Trade School Con-*

*tracting Co., supra,* fear for another was not the only cause of injury. While, of course, Mrs. Lindley was greatly and perhaps chiefly concerned for her children, for whom she fought so valiantly and successfully, there is nothing in the testimony to indicate that she was not concerned for her own safety. All of the circumstances connected with the unexpected appearance of the animal, its attacks upon her children, and her own conflict with the chimpanzee, make it impossible that she should have been devoid of fear for herself. Therefore, under the authority last cited, the court was fully justified in refusing to give the requested instruction on the subject of fears for another person.

No other questions are discussed in the brief of appellant, and we find no others in the record meriting analysis.

The judgment is affirmed.

Wilbur, J., and Lorigan, J., concurred.