[Civ. No. 3294.   First Appellate District, Division One.—March 19, 1920.]

## MILTON LINDLEY, a Minor, etc., Respondent, v. E. W. KNOWLTON, Appellant.

[1] NEGLIGENCE — ATTACK BY CHIMPANZEE — EXTENT OF INJURIES — FINDING—EVIDENCE—FRIVOLOUS APPEAL—PENALTY.—In this action for damages for injuries received by the plaintiff in consequence of an attack made upon him by a chimpanzee owned by the defendant, and which was negligently allowed to go at large, the

evidence was amply sufficient to support the finding of the trial
court as to the amount of damage suffered by the plaintiff; and
the appeal from the judgment of the trial court having been
frivolous and taken for delay, a penalty of one hundred dollars
was imposed.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Wm. D. Dehy, Judge, presiding. Affirmed.

The facts are stated in the opinion of the court.

Ticknor & Carter for Appellant.

A. L. Abrahams, Claude B. Morton and P. B. D'Orr for
Respondent.

RICHARDS, J.—This is an appeal from a judgment in
favor of the plaintiff and against the defendant for the sum
of one thousand five hundred dollars, damages for injuries
received by the plaintiff, a minor child of the age of nine
years at the time of his said injuries, in consequence of an
attack made upon him by a chimpanzee which was owned by
the defendant and which was negligently allowed to go at
large, and which, entering the home of the parents of the
plaintiff, made there the attack upon him from which the
injuries resulted which led to this action.

The facts of the case are set forth at length in the case
of *Lindley* v. *Knowlton,* 179 Cal. 298, [176 Pac. 440], to
which reference is hereby made. [1] The cause was tried be-
fore the court, and the only error complained of by the
defendant in this case is that there was not sufficient evi-
dence to justify the finding of the court "that said minor
Milton Lindley has been damaged in the sum of one thou-
sand five hundred dollars."

Without reviewing all of the evidence upon which this
finding is based, it will be sufficient to state that there was
evidence offered on behalf of the plaintiff showing that
about the hour of 9 o'clock in the morning of March 17,
1914, while the plaintiff was in the home of his parents and
was in the act of dressing, the defendant's chimpanzee,
which it is conceded he had negligently permitted to be at
large, entered the room where the boy was, and seized him,
knocking him down, striking his head against a post, and

stepping upon his body; that his mother and a faithful dog fought the animal off; that the child was picked up by his mother in a fainting condition suffering from bruises that were superficial; that he continued until about 4 o'clock in the afternoon to be extremely nervous, sick at his stomach and dizzy, when he was taken to a physician and treated for his superficial injuries; that although prior to the attack he had been wont to sleep peacefully during the night, after the attack and during months following he screamed in the night, had nightmares and thought he was being pursued by something, and that he had sick spells with fever and headaches and jerky and twitching nerves; that after his injuries he would wander off and be gone all day without breakfast, dinner, or supper, and that often when spoken to he seemed dazed and it was found difficult to attract his attention; that upon one occasion three weeks after the attack he was thrown into such a state of terror at seeing a dog that he ran into the house screaming, locked the doors and windows, and remained in a state of fear all the rest of the day; that during the four years which elapsed between the date of his injuries and the trial of the case he was irritable and hard to control, and even at the time of the trial was neurotic and subject to high fever upon exertion.

From testimony of this character and from the personal observation which the judge of the trial court had of the child he made the finding complained of on this appeal; and that said evidence amply sustains such finding is too plain for argument; and that this is a case which should never have been appealed does not admit of serious discussion. We are of the opinion that the appeal is frivolous and that it was taken for delay. This being so, the judgment is affirmed, with the added penalty of one hundred dollars hereby imposed upon the appellant for the taking and prosecution of a frivolous appeal.

Waste, P. J., and Knight, J., *pro tem.*, concurred.