[Civ. No. 8907. Second Appellate District, Division Two.—December 29, 1934.]

MARGARET L. CLOUGH, Respondent, v. CARL B. STEEN, Appellant.

Paul Nourse and Forrest A. Betts for Appellant.

Wm. Christensen and Wm. H. Wilson for Respondent.

STEPHENS, P. J.—Plaintiff, with her husband and minor child, was involved in an accident with defendant's auto-

mobile, in which she was injured and her son was killed. She recovered judgment for damages from which defendant appeals. No question as to negligence or contributory negligence is raised, the sole question on appeal being one of damages.

By reason of the accident plaintiff received certain lacerations and contusions on her body. These she set out in her complaint, and then alleged that the knowledge of the tragic death of her son "immediately threw her into a state of profound shock" which caused mental and physical disorders for which she sought damages. The court found (par. IV) that plaintiff was physically injured by the accident and (VI) that the knowledge of her son's death threw plaintiff into a state of profound shock, mental suffering and sickness; that plaintiff's condition causes her mental and nervous suffering and (VII) that by reason of the injuries set out in paragraphs IV and VI plaintiff has suffered and now suffers shaking, mental and nervous suffering and a palsy and hysterical condition. Thereupon judgment was rendered for plaintiff in the sum of $20,000.

The father of said child had recovered damages under section 376 of the Code of Civil Procedure for the latter's death and no question is here presented growing out of the right of action given by that section.

The trial court erroneously included in the judgment an amount which represented damages for the grief and shock and consequent damage suffered by plaintiff when she learned of the death of her child. For this injury she may not recover damages from defendant, although she is entitled to recover for her own mental and physical injuries proximately caused by the accident. The award was made in one entire sum, and since it is not separable, the cause must be remanded for retrial on the issue of damages.

Respondent relies on *Lindley* v. *Knowlton,* 179 Cal. 298 [176 Pac. 440], where plaintiff suffered physical injury due to fright while repelling an attack by a chimpanzee on plaintiff and her children, and on *Cohn* v. *Anxonia Realty Co.,* 162 App. Div. 791 [148 N. Y. Supp. 39], where plaintiff was frightened when she saw her children accidentally ascending in an unattended elevator, fainted and was injured by falling into the elevator shaft. These and other cases sustain the rule that physical injury due to fright

or shock is compensable. They are not authority, however, for an award of damages for injury due to learning of the death of another even though that death has been due to negligence of the defendant. In *Kalleg* v. *Fassio*, 125 Cal. App. 96 [13 Pac. (2d) 763], the ruling of the trial court which excluded damages to plaintiff for subsequent grief and distress due to disfigurement of plaintiff's children was upheld on appeal. In *Woodstock Iron Works* v. *Stockdale*, 143 Ala. 550 [39 So. 335, 5 Ann. Cas. 578], plaintiff was denied recovery for his distress of mind on account of his wife's suffering. (See, also, 8 R. C. L. 515, sec. 73, and 17 Cor. Jur. 835, sec. 155.)

■ It is well settled that in an action for wrongful death the recovery is limited to the pecuniary loss, and the grief of the survivor may not form the basis of an award (*Munro* v. *Pacific Coast Dredging & Reclamation Co.*, 84 Cal. 515 [24 Pac. 303, 18 Am. St. Rep. 248]); and no case nor rule of law has been brought to our attention which would support a recovery by plaintiff for the shock and grief, or injury consequent thereto, growing out of the knowledge of the death of her child. In the absence of such a right at common law or by statute, the plaintiff's recovery cannot be upheld. The detriment to plaintiff must naturally ensue from the act complained of, but here we find the injury to plaintiff ensuing from the sight of the dead child. The condition of the latter was the result of defendant's act, which impinged upon the child and not upon the plaintiff. We are not privileged to indulge our own feelings in this case which transcends in sadness perhaps every other case that has come before us.

Judgment reversed and cause remanded for retrial on the question of damages.

Crail, J., concurred.