[Civ. No. 10253. First Appellate District, Division Two.—February 26, 1937.]

JEAN KELLY et al., Respondents, v. MADELINE FRETZ et al., Appellants.

VERA LAWRENCE, Administratrix, etc., Respondent, v. MADELINE FRETZ et al., Appellants.

J. Hampton Hoge and A. Dal Thomson for Appellants.

Byron Coleman and Jensen & Holstein for Respondents.

NOURSE, P. J.—These two cases were consolidated for trial and are appealed on the same transcript. Though separate

briefs are filed in each case, the appellant has made the points argued in the Lawrence case applicable to the appeal in the Kelly case. The causes of action both arose out of the same occurrence. Jean Kelly and her mother-in-law, Beatrice Kelly, were crossing the main highway known as El Camino Real where it runs north and south through Redwood City at a point near its intersection with Jefferson Avenue, at about 6:30 in the evening of December 1, 1934,. Madeline Fretz was at that time driving an automobile northerly on El Camino Real. Jean Kelly passed from the westerly side of the highway leading a small child by the hand; Beatrice Kelly followed immediately behind her leading another child. The car struck Beatrice Kelly causing injuries resulting in her death. It also struck the child she was leading inflicting injuries upon him for which recovery was had in another action. The plaintiffs in the Lawrence case are the adult children of Beatrice Kelly. In the second case the plaintiffs are Jean Kelly and her husband. In both cases Paul Fretz, Mrs. Paul Fretz and Ellen Story Fretz were joined as defendants upon allegations that Madeline Fretz was driving the car as their agent. These allegations were denied, and no proof was offered to support them. In the Kelly case the answer was filed in behalf of all the defendants; in the Lawrence case Madeline Fretz alone answered. In both cases the verdict was returned against "the defendant". In both cases the judgment was entered against "said defendant" without further designation. All defendants have appealed from the judgments and urge a reversal as to those other than Madeline Fretz for the reasons just stated. Respondents reply that the verdicts were rendered only against Madeline Fretz, and that a dismissal as to the other defendants was stipulated to. Neither statement is supported by the record. At the close of the evidence, counsel for plaintiffs stated: "I presume that there may be a dismissal as to the other defendants, except Madeline Fretz." No order of dismissal was entered. The reporter's transcript shows a form of verdict handed the clerk by the foreman of the jury which named Madeline, Fretz alone as "defendant" in each case. The clerk's transcript, certifying the verdict on file, does not contain that designation. Since no dismissal was made in accordance with the provisions of section 581 of the Code of Civil Procedure, we cannot treat these judgments as relieving these

other defendants from liability. For this reason, and for the further reason that no case was made against any of them, the judgments are reversed as to Ellen Story Fretz, Paul Fretz, and Mrs. Paul Fretz. We will hereafter refer to Madeline Fretz as the defendant and appellant.

The evidence of the negligence of Madeline Fretz in the operation of the car is admittedly sufficient to sustain the verdict against her, and, therefore, does not need restatement. Her defense of the contributory negligence of both parties was the real issue in both cases. She testified that as she approached the intersection a large neon sign, stretched across the highway for advertising purposes, cast a shadow north of the intersection, that before she reached the middle of the intersection she saw the women running across the highway in this shadowed space, and applied her brakes at the middle of the intersection. The undisputed evidence shows that Mrs. Beatrice Kelly was struck at a point twelve feet west of the easterly curb of the highway, and that the skidmarks caused by defendant's tires commenced at the middle of the intersection. Police officers who were almost immediately on the scene testified that the point of impact was twelve feet west of the easterly curb and from fifteen to seventeen feet north of the pedestrian lane. Jean Kelly denied that that they were running across the highway, that they were north of the pedestrian lane, and that she had seen defendant's car or its lights at any time prior to the collision. Other witnesses who crossed the highway immediately in front of these parties, and who were called as witnesses by them, testified that they saw the lights of defendant's car two or three blocks down the highway.

Upon this evidence the parties went to the jury on the issue of contributory negligence, and the first point raised by this appellant, which is common to both cases, is that the trial court improperly instructed the jury as follows: "In an action for death of a pedestrian struck by an automobile, the deceased is presumed to have exercised ordinary care for his or her own safety, and this presumption is sufficient to constitute *prima facie* evidence that the deceased at the time of the death was free from contributory negligence." And "It is not contributory negligence as a matter of law for a pedestrian to cross at a place other than an established crossing,

the presumption being that while so doing he is exercising the requisite degree of care for his own safety."

The objection to the instructions is that, since there was full, ample, and complete evidence as to what the parties did or did not do, there was no room for the presumption that they were "free from contributory negligence"; that, since the evidence as to what the injured parties did or did not do was conflicting, it was the province of the jury to resolve that conflict in the light of the testimony offered, and that the court could nòt say that the jury might disregard all the direct evidence of contributory negligence and find the parties free from such negligence on the presumption alone. It might be added that, with a single exception, all the direct evidence showing what the parties did or did not do came from plaintiffs' witnesses. The single exception was the testimony of the defendant that she saw the women running across the highway at a point north of the pedestrian lane, but, in respect to the point of crossing, this testimony was in harmony with that of witnesses called by the plaintiffs, but in conflict with that of Jean Kelly. It was the province of the jury to resolve this conflict under proper instructions. In such a case there is no room for an instruction that the party is presumed to have been free from contributory negligence. (*Paulsen* v. *McDuffie,* 4 Cal. (2d) 111, 119 [47 Pac. (2d) 709]; *Rogers* v. *Interstate Transit Co.,* 212 Cal. 36, 38 [297 Pac. 884, 886]; *Butcher* v. *Thornhill,* 14 Cal. App. (2d) 149 [58 Pac. (2d) 179, 184]; *Lewin* v. *Margolis,* 14 Cal. App. (2d) 746 [59 Pac. (2d) 153, 155]; *Tuttle* v. *Crawford,* 8 Cal. (2d) 126, [63 Pac. (2d) 1128].) It was said in the Rogers case: "Whatever the rule may be when evidence contrary to the presumption is produced by the adverse party, it is well established in this state that a presumption in favor of a party is entirely dispelled by the testimony of the party himself or of his witnesses. (*Mar Shee* v. *Maryland Assur. Corp.,* 190 Cal. 1, 9 [210 Pac. 269].)"

■ Here, by the direct evidence of plaintiffs' witnesses, it was shown that the parties were crossing the highway at a point beyond the intersection, and the defendant testified that the large neon sign over the highway cast a shadow at that point. If the jury believed this testimony it might have had some weight on the question of contributory negligence. But it was the province of the jury to determine that issue in

view of *all* the circumstances, and when it was instructed that the deceased should be presumed to have exercised the "requisite degree of care" in crossing the highway without regard for the circumstances and conditions of the particular crossing, the trial court, in effect, declared that as a matter of law the plaintiffs could be found free from contributory negligence on the presumption alone, and took from the jury the only defense upon which the case was tried. For these reasons it is impossible to say that the instructions were not prejudicial.

■ Mrs. Kelly sued for the "severe nervous shock to her entire nervous system" alleged to have resulted from the negligence of defendant in causing the automobile "so closely, swiftly and suddenly to pass said Jean Kelly as to frighten said Jean Kelly". This witness testified that she crossed the highway directly in front of her mother-in-law, that she did not run, that she did not see the defendant's car at any time before the collision, that she did not see its lights which were admitted to have been burning at the time, and that after she reached the sidewalk she lifted herself up with her little boy and *then* heard the crash of the car striking her mother-in-law. The undisputed evidence is that the point of this "crash" was twelve feet west of this curb. If Jean Kelly was not running at that time, and if she did not see the car or its lights, it would, of course, have been impossible for her to have been struck, pushed or brushed by the car which crashed into her mother-in-law twelve feet from the curb after Jean Kelly had landed on the curb and had had time to arise from it with her child. During her examination, her counsel stipulated that she had not been struck by the car; she would not testify that she had been pushed or brushed by the car, statements of her counsel to the contrary notwithstanding. She testified that she felt "something" push or brush her, but that might have been her child or some other pedestrian, and, since she did not see the car or its lights, it is manifest that she was not pushed or brushed by it.

The issue in this case is clear. The plaintiffs sued for the injuries resulting from the fright caused Jean Kelly by the defendant's acts. She was not frightened by the approach of the automobile because she had no knowledge of it. After the crash, and while she was on the sidewalk she had no fear for her own safety, but could have had fear for the safety

of her son. She must have been shocked at the sight of her mother-in-law lying in the street, and at the sight of her son who was carried to her injured after the police had arrived on the scene and had placed her in their car. All these elements were thrown to the jury, and it is impossible to determine upon which the verdict was based. Manifestly the verdict could not rest upon grief caused by the injuries to others. (*Clough* v. *Steen*, 3 Cal. App. (2d) 392 [39 Pac. (2d) 889]; *Kalleg* v. *Fassio*, 125 Cal. App. 96 [13 Pac. (2d) 763].) If it rested upon the element of fright produced by fear for the safety of her child, the authorities differ on the right of recovery. (*Lindley* v. *Knowlton*, 179 Cal. 298, 302 [176 Pac. 440].) If it rested on fear for her own safety, her evidence fails to support the verdict.

The judgments are reversed with directions to enter judgments for Ellen Story Fretz, Paul Fretz and Mrs. Paul Fretz, and to retry the issues as to Madeline Fretz.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 27, 1937, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 26, 1937.