[Civ. No. 10722. First Appellate District, Division One.—June 30, 1939.]

WILELMINE COOK, Appellant, v. AUGUSTA MAIER et al., Respondents.

Phillips & Munck and James H. Phillips for Appellant.

Charles V. Barfield for Respondents.

WARD, J.—This is an appeal from a judgment entered after an order sustaining a demurrer to a first amended complaint, without leave to amend.

The complaint alleges that defendant Benjamin Unger, an employee of defendant Augusta Maier, acting within the course and scope of his employment, so carelessly and negligently drove and operated her automobile that it collided with a second automobile; that as a proximate result of said collision, and the negligence of Unger in operating the vehicle, it ran up and "on to" a vacant lot, the property of plaintiff adjoining her home, where with a loud noise and crash, it collided with a trash burner, thereafter running into a rock and board fence and the corner of her house, all within fifteen feet of her, and causing rocks and parts of the fence "to be thrown and scattered over plaintiff's said property in the direction of plaintiff and about the person of plaintiff" who was on her way to the trash burner. The complaint further alleges that as a proximate result of the movements of the automobile, plaintiff became fearful of her own safety and suffered certain personal injuries, including fright, shock, sickness of body and mind and "loss of feeling for a considerable period of time in her left arm and causing her to be confined to her bed".

The contention of respondents, namely, that appellant by reason of her failure to apply to the trial court for permission to amend, may not complain, should be disposed of prior to the consideration of the merits of the demurrer. The general rule is that when a defective complaint may be cured by amendment, if no request to amend is presented, it is not reversible error to sustain the demurrer without leave to

amend. (*Haddad* v. *McDowell*, 213 Cal. 690 [3 Pac. (2d) 550]; *Consolidated R. & P. Co.* v. *Scarborough*, 216 Cal. 698 [16 Pac. (2d) 268].) This rule is, of course, subject to the exception that when the pleader elects to stand or fall upon the allegations of the complaint, without seeking to amend, a request to do so would be an idle act. (*California Trust Co.* v. *Cohn*, 214 Cal. 619 [7 Pac. (2d) 297]; *Robinson* v. *Godfrey*, 78 Cal. App. 284 [248 Pac. 268].) In the last cited case, at page 288, the court said: " . . . in order that the appeal from the judgment succeed, it must be shown by appellant that the complaint was sufficient in its entirety and properly subject to none of the objections thereto as specified in the demurrer".

This brings us to a consideration of the grounds of the demurrer. The allegations of the complaint are sufficient to inform defendants that, as a proximate result of the negligence of the driver, the automobile "was caused to and did run up" and collide with the trash burner, the rock and board fence and the corner of the house, causing rocks and parts of the fence "to be thrown and scattered . . . about the person of plaintiff"; that the appearance of the automobile was sudden and unexpected and that as a proximate result thereof and the scattering of rocks, etc., plaintiff became fearful of her safety and suffered certain injuries. The negligent act and the causal connection, with the injuries, is sufficiently alleged. Something more than mere fright is alleged, namely, that the nervous system was injured, which resulted "in loss of use of and loss of feeling for a considerable period of time in her left arm and causing her to be confined to her bed". It was not necessary, as respondents contend, that the complaint should have alleged that the negligence of the defendant driver was wilful and intentional, or that he knew or could reasonably have anticipated his negligence would cause the particular injuries set forth in the complaint.

It is the rule that the natural and probable consequences of a negligent act or omission are those which should reasonably have been anticipated, but it is sufficient to plead negligence generally, and whether or not the negligence pleaded and the results therefrom are true are questions of fact which cannot be determined upon demurrer. (*Carroll* v. *Central Counties Gas Co.*, 74 Cal. App. 303 [240 Pac. 53].)

We are dealing with the allegations as set forth in the complaint and not with the evidence that may be offered.

The principal question presented is whether or not under the California rule recovery in damages may be permitted for physical injuries as the result of fright and nervous shock, without bodily contact. In many other jurisdictions the weight of authority is against a recovery where there is no impact. (*Michell* v. *Rochester Ry. Co.*, 151 N. Y. 107 [45 N. E. 354, 56 Am. St. Rep. 604, 34 L. R. A. 781]; *Miller* v. *Baltimore & O. S. etc. Co.*, 78 Ohio St. 309 [85 N. E. 499, 125 Am. St. Rep. 699, 18 A. L. R. (N. S.) 949]; *Ewing* v. *Pittsburgh C. & St. L. Ry. Co.*, 147 Pa. 40 [23 Atl. 340, 30 Am. St. Rep. 709, 14 L. R. A. 666]; *Freedman* v. *Eastern Mass. St. Ry. Co.*, (Mass.) 12 N. E. (2d) 739; *Mahoney* v. *Dankwart*, 108 Iowa, 321 [79 N. W. 134].) This conclusion is reached upon the theory that if recovery connot be had for fright occasioned by the negligence of another, the consequences of the shock do not fall within the rule of proximate damages. In other words, that the injury is too remote. But this raises a question of fact and it is for the trier of facts to determine whether or not physical injury following shock is a direct and natural effect of mental shock. The fright must be accompanied by fear of immediate personal injury, and physical injury must occur. (*Webb* v. *Francis J. Lewald Coal Co.*, 214 Cal. 182 [4 Pac. (2d) 532, 77 A. L. R. 675].) It is not necessary here to discuss the rights of a third party to recover for fright or shock followed by physical injury to another. (*Easton* v. *United Trade School Con. Co.*, 173 Cal. 199 [159 Pac. 597, L. R. A. 1917A, 394]; *Lindley* v. *Knowlton*, 179 Cal. 298 [176 Pac. 440]; *Razzo* v. *Varni*, 81 Cal. 289 [22 Pac. 848].) Fright alone is not an "injury" that may be the basis of a claim for damages, but physical injury due to fright is compensable. (*Clough* v. *Steen*, 3 Cal. App. (2d) 392 [39 Pac. (2d) 889].) Causal connection proceeding in an unbroken course from the alleged fright to the alleged physical injury must be shown.

In *Springer* v. *Pacific Fruit Exchange*, 92 Cal. App. 732, 737 [268 Pac. 951], the court said: " . . . no matter how negligent a defendant may have been in the abstract, a cause of action is not made out unless that negligence is in some way fastened to the particular injury for which recovery is sought." In *Dryden* v. *Continental Baking Co.*, 11 Cal. (2d)

33, 39 [77 Pac. (2d) 833], the Supreme Court of this state held: "Furthermore, even were the injuries confined to nervous shock, the right to recover for subsequent disturbances of the nervous system is settled by the decision in *Sloane* v. *Southern Cal. Ry. Co.,* 111 Cal. 668 [44 Pac. 320, 32 L. R. A. 193], where this court said (p. 680): 'Whatever may be the influence by which the nervous system is affected, its action under that influence is entirely distinct from the mental process which is set in motion by the brain. The nerves and nerve centers of the body are a part of the physical system, and are not only susceptible of lesion from external causes, but are also liable to be weakened and destroyed from causes primarily acting upon the mind. If these nerves or the entire nervous system is thus affected, there is a physical injury thereby produced, and, if the primal cause of this injury is tortious, it is immaterial whether it is direct, as by a blow, or indirect through some action upon the mind.' (See, also, *Lindley* v. *Knowlton,* 179 Cal. 298 [176 Pac. 440].) Definite nervous disturbances or disorders, caused by mental shock, excitement, and so on, are classed as physical injuries."

We do not find that any of the points raised by the general or special demurrer are vital to the statement of the cause of action. The judgment is reversed and the cause remanded to the superior court for further proceedings in accordance with the views herein expressed.

Knight, J., and Peters, P. J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1939. Edmonds, J., and Houser, J., voted for a hearing.