### MINKUS et al. v. COCA COLA BOTTLING CO. OF CALIFORNIA.

No. 22072.

District Court, N. D. California, S. D.

March 26, 1942.

Gorman R. Silen, of San Francisco, Cal., for plaintiffs.

Jesse H. Steinhart and John J. Goldberg, both of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

The question for decision is whether the parents of a minor may recover damages for nervous shock, resulting from an alleged breach of warranty and negligence whereby the minor was injured.

The complaint contains four counts. In the first, the minor, through his guardian, seeks damages for personal injuries alleged to have been suffered from finding a decomposed mouse in a bottle of Coca Cola which he had partly consumed. It is further alleged that the beverage was warranted fit for human consumption, whereas, in fact, it was dangerous to health and life. Upon the same facts the second count charges negligence. In the third and fourth counts the father and mother, respectively, seek damages for nervous shock alleged to have been caused by the happening mentioned.

A motion to dismiss the third and fourth counts is made upon the ground that each fails to state a claim upon which relief can be granted.

Defendant relies upon the general rule that one may not recover damages for fright or mental shock from injuries received by another when the claimant himself sustained no physical injury. In the United States a limitation is placed upon the liability of a defendant for a negligent act. Emphasis is laid upon the duty owed by the defendant to the particular plaintiff, rather than whether the negligent act of the defendant was the proximate cause of the injury. The reason for the limitation, especially in cases like the present, is that "once the defendant's duty is held to extend to those outside the field of physical peril, a doctrine is stated to which no ra-

tional boundaries can be erected." Waube v. Warrington, 1935, 216 Wis. 603, 258 N.W. 497, 500, 98 A.L.R. 394.

In actions similar to the one at bar the courts have discussed and passed upon three situations:

(1) Where there is fright, shock or mental suffering due to peril to children or spouse and there is actual physical impact. In such cases the courts allow recovery on the theory that the plaintiff is within the field of those persons to whom defendant owed a duty. In the case of Lindley v. Knowlton, 179 Cal. 298, 176 P. 440, 441, a chimpanzee entered a home and started to choke the plaintiff's children. She successfully fought the ape and saved her children. The jury awarded her damages due to shock and fright. Appeal was taken on the ground that the trial court refused to instruct the jury that no recovery could be had unless the fright occasioned by defendant's negligence was accompanied by some personal and bodily injury to plaintiff; that the injury must be a physiological one, and that no recovery could be had on account of fright produced by apprehended danger or peril to a third person. In affirming the decision of the trial court, the court said:

"Conceding the full force of appellant's first contention that no damages may be given for mere fright, we are of the opinion that the court sufficiently covered this matter in the instructions to which we have alluded. The complaint was not drawn upon the theory that the lady had merely suffered the mental discomfort of fear, but was based upon a claim of damages for permanent, physical disorders proximately arising from the occurrences set forth in the pleading; and the court carefully instructed the jury that no verdict for plaintiffs should be returned unless under the issues of the case both the fright and the alleged physical consequences thereof were proven by a preponderance of the evidence. * * *

"The rule which appellant seeks to invoke is only applicable in cases in which fright alone is made the gravamen of action. Easton v. United Trade School Contracting Co., 173 Cal. 199, 159 P. 597, L.R.A. 1917A, 394. In the case at bar physical detriment was pleaded and there was evidence tending strongly to sustain the allegations of the complaint."

(2) Where the peril to children or spouse causes actual physical injury to the plaintiff. Such was the case of Cohn v. Ansonia Realty Co., 162 App.Div. 791, 148 N.Y.S. 39, 40, where a mother seeing her children ascending in an elevator unattended, fainted and fell down the elevator shaft. The Court said:

"It is urged that it was plaintiff's fright which was the proximate cause of her injuries, and that defendant is not responsible in damages for the consequence of a fright caused by its negligence. For fright alone, unconnected with physical injury, it is true that no recovery can be had, but, when the fright results in an actual physical injury, a different rule prevails."

(3) Where peril to children or spouse causes fright, nervous shock or mental suffering, but where there is no physical impact. Under the general rule, no recovery is allowed. In Clough v. Steen, 3 Cal.App.2d 392, 39 P.2d 889, 890, the plaintiff was injured in an accident which caused the death of her child. The lower court awarded her damages for her injuries and also for the grief and mental suffering occasioned by the loss of the child. The judgment was reversed on the question of damages for grief and mental suffering. The Court said:

"It is well settled that, in an action for wrongful death, the recovery is limited to the pecuniary loss, and the grief of the survivor may not form the basis of an award (Munro v. Pacific Coast Dredging & Reclamation Co., 84 Cal. 515, 24 P. 303, 18 Am.St.Rep. 248); and no case nor rule of law has been brought to our attention which would support a recovery by plaintiff for the shock and grief, or injury consequent thereto, growing out of the knowledge of the death of her child. In the absence of such a right at common law or by statute, the plaintiff's recovery cannot be upheld. The detriment to plaintiff must naturally ensue from the act complained of, but here we find the injury to plaintiff ensuing from the sight of the dead child. The condition of the latter was the result of defendant's act, which impinged upon the child and not upon the plaintiff."

I think the present case is controlled by the general rule, and the motion to dismiss counts three and four will be granted. If so advised, plaintiff may amend counts one and two to include expenses paid or incurred for the medical care of the minor.