Melvin M. MAURY and Mary Jane Maury, Plaintiffs,

v.

UNITED STATES of America et al., Defendants.

Civ. No. 33528.

United States District Court
N. D. California, S. D.
April 4, 1956.

Benjamin F. Marlowe, Oakland, Cal., for plaintiffs.

Lloyd H. Burke, U. S. Atty., Frederick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for defendant United States.

OLIVER J. CARTER, District Judge.

Plaintiffs have moved to amend their first amended complaint by adding an alleged "Second Cause of Action." The material portion of the amendment is set forth in proposed paragraph II as follows:

"That as a direct and proximate result of the said carelessness and negligence of the said defendants and each of them as aforesaid, Michael Maury, minor son of plaintiffs, lost his life; that during the fire which destroyed the home of plaintiffs, plaintiffs were present; that plaintiffs with full knowledge that their child was in the said burning house, suffered extreme fright, shock and mental anguish; that as a direct and proximate result of said shock and mental anguish, plaintiff Mary Jane Maury suffered a nervous breakdown and has been confined in the hospital; that plaintiff suffered general damages as a result of said shock and mental anguish, in the sum of $100,-000.00."

The first cause of action is for the wrongful death of the child and its propriety as a matter of pleading is not challenged.

■ This action is brought under the provisions of the Tort Claims Act, 28 U.S.C. § 1346(b), where an action may be brought against the United States, " * * * under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." This occurrence is alleged to have taken place in California. Therefore the validity of the amendment must be determined according to the law of California.

The Government opposes the amendment asserting that it fails to state a cause of action under California law, and, therefore, fails to state a claim for relief under the Federal Rules of Civil Procedure, 28 U.S.C.A. The gist of the alleged claim is that plaintiffs were damaged in that they became physically ill from shock and mental anguish caused by the knowledge that their small child was being burned to death in a house which was burning because of the negligent conduct of agents of the defendant. In essence this is a claim for damages produced by shock from fear of danger or harm to another, where the danger or harm was caused by ordinary negligence, and where the claimant was not himself endangered or harmed.

That this field of tort law is not without conflict is illustrated by the following quotation from the Restatement of the Law of Torts, Vol. 2, p. 851, caveat to Section 313:

"The Institute expresses no opinion as to whether an actor whose conduct is negligent as involving an unreasonable risk of causing bodily harm to a child or spouse is liable for an illness or other bodily harm caused to the parent or spouse who witnesses the peril or harm of the child or spouse and thereby suffers anxiety or shock which is the legal cause of the parent's or spouse's illness or other bodily harm."

The general rule as stated in the legal encyclopedias seems to be contrary to plaintiffs' theory.

"No recovery may be had for mental anguish or wounded feelings of the parent by reason of injury to the child". 67 C.J.S., Parent and Child, § 55, p. 761.

"As a general rule, no recovery is permitted for a mental or emotional disturbance, or for a bodily

injury or illness resulting therefrom, in the absence of a contemporaneous bodily contact or independent cause of action, or an element of wilfulness, wantonness, or maliciousness, in cases in which there is no injury other than one to a third person, even though recovery would have been permitted had the wrong been directed against the plaintiff. The rule is frequently applied to mental or emotional disturbances caused by another's danger, or sympathy for another's suffering. It has been regarded as applicable to a mental or emotional disturbance resulting from an injury not only to a stranger, but also to a relative of the plaintiff, such as a child, sister, father, or spouse." 52 Am.Jur. 417.

" * * * such suffering [mental suffering] is not compensable if it is experienced by the plaintiff as the result of seeing or learning of an actual infliction of serious physical injury on a third party." 14 Cal.Jur.2d 679.

Plaintiffs, recognizing the general rule, assert that California does not follow the general rule, citing Deevy v. Tassi, 21 Cal.2d 109, 130 P.2d 389, and Lindley v. Knowlton, 179 Cal. 298, 176 P. 440. It is apparent that plaintiffs have misconceived the thrust of these cases, and have ignored the other California cases on the subject. Thus far the California courts have not permitted damages in any case where there was not some element of physical injury to, or reasonable fear of injury to the claimant, except in cases of intentional torts, outrageous conduct, or interference with some interest in real property. Where the mental distress, or physical illness resulting from mental distress, occurs as the result of intentional or outrageous conduct recovery is permitted.[1] Deevy v. Tassi, supra, upon which plaintiffs rely, falls within this class of cases, and is, therefore, clearly distinguishable from the case at bar. There the conduct which was held to be actionable was a violent physical assault on the members of a family in which all of the plaintiffs were physically injured by the intentional conduct of the defendants. Also, this case does not fall into the class where recovery has been allowed for mental distress caused by an invasion of a real property interest in which the plaintiff has reasonable fears for the health and safety of himself and members of his family.[2]

■ It is the opinion of the Court that this case is controlled by the California cases dealing with claims for mental distress caused by ordinary negligence where there is no fear of physical impact by the claimant, but where there is physical impact or fear of physical impact to a third person. This Court had previous occasion to review this subject in Minkus v. Coca Cola Bottling Co. of California, D.C.1942, 44 F.Supp. 10, where the Court dismissed a claim for nervous shock by parents suffered as the result of finding a partialy decomposed mouse in a bottle of Coca Cola, which had been partially consumed by their minor child. The Court said at page 11:

"Where peril to children or spouse causes fright, nervous shock or mental suffering, but where there is no physical impact. Under the general rule, no recovery is allowed."

The California cases support this conclusion. In Clough v. Steen, 1934, 3 Cal.App.2d 392, 39 P.2d 889, the court reversed a judgment allowing damages for grief and shock to a mother caused by the death of a minor child who was killed in an automobile accident in which she was also injured. The court said

---

1. State Rubbish, etc., Ass'n v. Siliznoff, 38 Cal.2d 330, 240 P.2d 282; Deevy v. Tassi, supra; Guillory v. Godfrey, 134 Cal.App.2d 628, 286 P.2d 474.

2. Kornoff v. Kingsburg Cotton Oil Co., 1955, 45 Cal.2d 265, 288 P.2d 507; Herzog v. Grosso, 1953, 41 Cal.2d 219, 259 P.2d 429; Alonso v. Hills, 1950, 95 Cal. App.2d 778, 214 P.2d 50.

at page 394 of 3 Cal.App.2d, at page 890 of 39 P.2d:

> "It is well settled that, in an action for wrongful death, the recovery is limited to the pecuniary loss, and the grief of the survivor may not form the basis of an award (Munro v. [Pacific Coast] Dredging & Reclamation Co., 84 Cal. 515, 24 P. 303, 18 Am.St.Rep. 248); and no case nor rule of law has been brought to our attention which would support a recovery by plaintiff for the shock and grief, or injury consequent thereto, growing out of the knowledge of the death of her child. In the absence of such a right at common law or by statute, the plaintiff's recovery cannot be upheld. The detriment to plaintiff must naturally ensue from the act complained of, but here we find the injury to plaintiff ensuing from the sight of the dead child. The condition of the latter was the result of defendant's act, which impinged upon the child and not upon the plaintiff."

That case also distinguishes the case of Lindley v. Knowlton, supra, which is relied upon by plaintiffs here. The Court said at page 393 of 3 Cal.App.2d, at page 890 of 39 P.2d:

> "Respondent relies on Lindley v. Knowlton, 179 Cal. 298, 176 P. 440, where plaintiff suffered physical injury due to fright while repelling an attack by a chimpanzee on plaintiff and her children, and on Cohn v. Ansonia Realty Co., 162 App.Div. 791, 148 N.Y.S. 39, where plaintiff was frightened when she saw her children accidentally ascending in an unattended elevator, fainted and was injured by falling into the elevator shaft. These and other cases sustain the rule that physical injury due to fright or shock is compensable. They are not authority, however, for an award of damages for injury due to learning of the death of another, even though that death has been due to negligence of the defendant."

This holding has been followed in Kelly v. Fretz, 1937, 19 Cal.App.2d 356, 65 P.2d 914, and Zeller v. Reid, 1940, 38 Cal.App.2d 622, 101 P.2d 730, and is in accord with Kalleg v. Fassio, 1932, 125 Cal.App. 96, 13 P.2d 763.

Therefore, plaintiffs' motion to amend must be denied.

It is ordered that plaintiffs' motion for permission to file a second amended complaint be, and the same is hereby denied.