[Civ. No. 9253.   Third Dist.   Dec. 11, 1957.]

LUCILLE REED, Appellant, v. EUGENE PARKER MOORE, Respondent.

44

Harry A. Ackley and Gordon D. Schaber for Appellant.

Mento, Buchler & Littlefield for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment for defendant after the trial court had sustained a demurrer to plaintiff's complaint without leave to amend. The complaint alleged that plaintiff, a married woman, sustained injuries, suffered severe emotional strain, mental shock and fright, followed by physical injury in the form of a miscarriage as the direct and proximate result from plaintiff being an eyewitness to a collision between an automobile in which her husband was riding and an automobile driven by defendant, the collision being caused by defendant's negligence. The complaint further alleged that, at the time of the accident, plaintiff was seated in front of her place of abode approximately 130 feet from the point of impact. Upon oral argument, plaintiff's counsel stipulated that at the time of the accident plaintiff was in fear solely for her husband's safety and could not herself be considered within the zone of danger. We will treat the stipulation as an amendment to the complaint. Defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action.

Plaintiff contends that recovery may be had in the instant case for emotional distress followed by physical injury, irrespective of impact upon the person of the plaintiff and irrespective of whether the emotional distress is intentionally or negligently caused. In support of her contention she cites *Sloane* v. *Southern Calif. Ry. Co.*, 111 Cal. 668, 680 [44 P. 320, 32 L.R.A. 193], *Medeiros* v. *Coca Cola Bottling Co.*, 57 Cal.App.2d 707 [135 P.2d 676], *Lindley* v. *Knowlton,* 179 Cal. 298 [176 P. 440], and *Cook* v. *Maier*, 33 Cal.App.2d 581 [92 P.2d 434]. We do not agree with plaintiff. The cases are not in point and may easily be distinguished from the case at bar. In the Sloane case, *supra*, the defendant wrongfully deprived

*Assigned by Chairman of Judicial Council.

plaintiff of her ticket and thereafter, by reason of such wrongful act, excluded her from its car. The negligent act was directed to the plaintiff personally, not to a third person. In the Medeiros case, *supra*, the defendant negligently permitted a cleaning brush to remain in a bottle of coca cola and plaintiff drank a portion of the contents. The recovery was for injury resulting from mental shock on seeing the disgusting looking object in the bottle from which she had just drunk. Here again, the negligence was directed to the plaintiff personally. In the Cook case, *supra*, defendant's automobile collided with a second automobile and as a result of said collision, and the negligence of the driver in operating the vehicle, it ran ''on to'' a vacant lot owned by plaintiff adjoining her home where, with a loud noise and crash, it collided with a trash burner, thereafter running into a rock and board fence at the corner of her house, all within 15 feet of her, and causing rocks and parts of the fence to be thrown and scattered over plaintiff's property in the direction of plaintiff and about her person. Here again, plaintiffs were allowed to recover for emotional distress caused by fear of personal physical injury to herself. In the Lindley case, *supra*, plaintiffs suffered physical injury due to fright while repelling an attack by a chimpanzee on plaintiff and her children. There the appellant contended that the trial court should have informed the jury that no recovery may be had on account of fright produced by apprehended danger or peril to a third person and insisted that the authorities were uniform in upholding such rule. The court stated that there is excellent authority to the contrary, citing *Hill* v. *Kimball*, 76 Tex. 210 [13 S.W. 59, 7 L.R.A. 618], *Wilkinson* v. *Downton*, L.R. (1897), 2 Q.B. 57, and *Cohn* v. *Ansonia Realty Co.*, 162 App.Div. 791 [148 N.Y.S. 39]. The court did not, however, hold such recovery could be had. The court stated it was not necessary to discuss any conflict of authority on the subject, because, as in the case of *Easton* v. *United Trade School Contracting Co.*, 173 Cal. 199 [159 P. 597, L.R.A. 1917A 394], fear for another was not the only cause of injury. ■ The case, therefore, is authority to sustain the rule that physical injury due to fright or shock as a result of fear for one's own safety is compensable. It is not, however, authority to sustain an action for damages produced by an apprehended danger or peril to a third person. (*Maury* v. *United States*, 139 F.Supp. 532.) ■ We quote the following from 52 American Jurisprudence, page 417:

''As a general rule, no recovery is permitted for a mental

or emotional disturbance, or for a bodily illness resulting therefrom, in the absence of a contemporaneous bodily contact or independent cause of action, or an element of wilfulness, wantonness, or maliciousness, in cases in which there is no injury other than one to a third person, even though recovery would have been permitted had the wrong been directed against the plaintiff. The rule is frequently applied to mental or emotional disturbances caused by another's danger, or sympathy for another's suffering. It has been regarded as applicable to a mental or emotional disturbance resulting from an injury not only to a stranger, but also to a relative of the plaintiff, such as a child, sister, father, or spouse."

In 14 California Jurisprudence 2d 679, the rule is stated:

". . . Such suffering is not compensable if it is experienced by the plaintiff as the result of seeing [citing *Kalleg* v. *Fassio*, 125 Cal.App. 96 [13 P.2d 763] and *Kelly* v. *Fretz*, 19 Cal.App. 2d 365 [65 P.2d 914]] or learning of an actual affliction of serious physical injury on a third party. [Citing *Kalleg* v. *Fassio, supra* (injury to plaintiff's children); *Clough* v. *Steen*, 3 Cal.App.2d 392 [39 P.2d 889] (death of plaintiff's child in same automobile collision in which plaintiff was injured).]"

In *Minkus* v. *Coca Cola Bottling Co. of Calif.*, 44 F.Supp. 10, the court dismissed a claim for nervous shock by parents suffered as a result of finding a partially decomposed mouse in a bottle of coca cola, which had been partially consumed by their minor child, the court said at page 11 that courts have discussed and passed upon the situation: "Where peril to children or spouse causes fright, nervous shock or mental suffering, but where there is no physical impact. Under the general rule, no recovery is allowed." *Kelly* v. *Fretz, supra*, and *Clough* v. *Steen, supra*, we believe also support this conclusion. The point of similarity between the two cases and the case at bar is that in neither of these cases was plaintiff put in fear for his or her own safety. In the Clough case, *supra*, the plaintiff and her husband and child were involved in an automobile accident in which plaintiff was injured and her son killed, she recovered damages for her own injuries and also for shock at the sight of her dead son, which shock was alleged to have resulted in mental and physical disorders. The judgment was reversed. The court said:

"By reason of the accident plaintiff received certain lacerations and contusions on her body. These she set out in her

complaint, and then alleged that the knowledge of the tragic death of her son 'immediately threw her into a state of profound shock' which caused mental and physical disorders for which she sought damages . . .

". . . [N]o case nor rule of law has been brought to our attention which would support a recovery by plaintiff for the shock and grief, or injury consequent thereto, growing out of the knowledge of the death of her child. In the absence of such a right at common law or by statute, the plaintiff's recovery cannot be upheld. The detriment to plaintiff must naturally ensue from the act complained of, but here we find the injury to plaintiff ensuing from the sight of the dead child. The condition of the latter was the result of defendant's act, which was impinged upon the child and not upon the plaintiff."

Applying these rules, we conclude that, since the detriment to the plaintiff ensued not by reason of any fear for her own safety but by fear of an act which impinged upon the husband alone, she may not recover for her alleged injury.

Appellant seeks to invoke section 3333 of the Civil Code which provides:

"For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

This section has to do only with the measure of damages for tortious wrong and operates only after such a cause of action has been made out. It declares no rule of liability.

No other points require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1958. Gibson, C. J., Carter, J., and Traynor, J., were of the opinion that the petition should be granted.