## MONTGOMERY v. LOCKE and Another.*

### No. 9740; August 30, 1886.

#### 11 Pac. 874.

Waters—Levee—Damage to Property.—Where the Effect of a Levee constructed by the defendant was to retain upon the land of the plaintiff, longer than it would otherwise have remained, the accumulated water of floods, and his property was injured thereby, the defendant was held liable for damages.

Damages—Necessity of Specially Pleading.—In Ordinary Actions of Tort, it is unnecessary to state specifically, and in amounts, the different statements or items which go to make up the sum total of the damages; it is enough to state the facts constituting the cause of action, and claim as much in gross, as damage for the wrong done.

Special Damages — Pleading — Evidence.—If Special Damages are Claimed, the facts establishing such special damages must be stated with particularity, in order that the defendant may be enabled to meet the charge if it be false, and, if not so stated, cannot be given in evidence.

J. O. Campbell and F. T. Baldwin for respondent, Montgomery; Byers & Elliott and W. L. Dudley for appellants, Locke and another.

SEARLS, C.—This is an action to recover damages for injury to the land of the plaintiff by construction of levees, which are claimed to have obstructed the natural flow of water, and for a judgment that the levees, dams and embankments of defendants be abated as a nuisance. Plaintiff had a verdict as follows: "We, the jury in the above-entitled cause, find for the plaintiff in the sum of fifteen hundred ($1,500) dollars, caused by the repair and maintenance of levee No. one (1) by the defendants." Plaintiff thereupon waived all right

---

*For subsequent opinion in bank, see 72 Cal. 75, 13 Pac. 401.

to a decree abating the nuisance complained of, and judgment was rendered in his favor on the verdict for fifteen hundred dollars, and costs. Defendants appeal from the judgment and from an order denying a new trial.

Plaintiff is the owner of certain lands lying and being on and near the Mokelumne river. Defendant Holman owns land below and west of and adjoining that of plaintiff, and defendant Locke owns land still west of that of Holman. The land of plaintiff has a gentle slope to the southwest. A slough puts out of the river near the northeast corner of plaintiff's land, passes through it in a general southwesterly direction, having some branches and lateral sloughs, and passes off upon the land of defendant Holman, thence through that of defendant Locke, and unites with the Mokelumne river again at a point above Staples' Ferry. In times of flood a portion of the water from the river and the surface water from the adjacent lands flow into and through the slough.

In 1879 and 1880 the defendants built a levee upon the land of Holman, commencing near the lower end, near the southeast corner of plaintiff's land, and running thence, near the dividing line between the land of plaintiff and Holman, in a westerly and southerly direction, by which the main slough above mentioned was closed up and water prevented from passing down through it. This is the levee No. 1 referred to in the evidence and verdict of the jury. The tendency of this levee was to hold the water and back it on the land of plaintiff.

In April, 1880, there occurred a flood of short duration, which it is claimed was retained upon the land of plaintiff by levee No. 1 until it gave way. It was repaired by defendants, and a few weeks later a second flood occurred, which involved the whole vicinity, and continued for weeks.

There was testimony tending to show that the effect of levee No. 1 was to retain upon the land of plaintiff, longer than it would otherwise have remained, the accumulated water of this last flood, and that the effect of the standing water was to injure his alfalfa, fruit trees and vines.

The instructions of the court to the jury were quite as favorable to the defendants as the law will warrant; and of the exceptions taken during the progress of the trial it is sufficient to say the errors relied upon are for the most part without

merit, and, where otherwise, are not of sufficient importance to warrant a reversal of the judgment.

The objection to the statement, because not settled in time, is not supported by any such statement or bill of exceptions embodying the facts as will warrant us in the conclusion that the court below erred in overruling the objections of respondent to the settlement.

The demurrer to plaintiff's complaint was properly overruled. Each count of the complaint stated facts sufficient to constitute a cause of action against defendants. In ordinary actions of tort, it is unnecessary to state specifically, and in amounts, the different statements or items which go to make up the sum total of the damages. It is enough to state the facts constituting the cause of action, and claim as much in gross, as damages for the wrong done: Shepard v. Pratt, 16 Kan. 209. If special damages are claimed, the facts establishing such special damages must be stated with particularity in order that the defendant may be enabled to meet the charge if it be false, and, if not so stated, cannot be given in evidence: 1 Chitty on Pleading, 15th Am. ed., 414.

We find no error in the judgment-roll, and are of opinion the judgment and order appealed from should be affirmed.

We concur: Belcher, C. C.; Foote, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.