[No. 9740. In Bank. — February 19, 1887.]

## C. R. MONTGOMERY, RESPONDENT, *v.* D. J. LOCKE ET AL., APPELLANTS.

OVERFLOW OF WATER — LEVEE — PRESCRIPTION — RIGHT TO MAINTAIN — PLEADING. — In an action to recover for damages done to the land of the plaintiff by an overflow of water produced by a certain levee erected by the defendant, an averment in the answer that the levee was erected more than twenty years before the commencement of the action, and has since been maintained with the knowledge and consent of the plaintiff, is not an averment of a prescriptive right to maintain the levee.

ID. — EASEMENT — PRESCRIPTIVE RIGHT HOW PLEADED. — A prescriptive right to maintain an easement may be pleaded either by reference to the statute, as provided by section 458 of the Code of Civil Procedure, or by stating at length the facts showing that the user commenced and continued under a claim of right, was peaceable, without interruption, open, notorious, and exclusive, and maintained with the knowledge of the owner of the servient estate.

MEASURE OF DAMAGES — GROWING FRUIT-TREES. — The measure of damages for the destruction of fruit-bearing trees is the value of such trees on the premises in their growing state, and not as taken up and removed from the place.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The action was brought to recover damages for injuries caused to the land and fruit-trees of the plaintiff, by reason of an overflow of water produced by certain levees constructed and maintained by the defendants. The further facts are stated in the opinion.

*Byers & Elliott,* and *W. L. Dudley,* for Appellants.

*J. C. Campbell,* and *F. T. Baldwin,* for Respondent.

SEARLS, C. — This cause was decided in an opinion filed August 30, 1886. (11 Pac. Rep. 874.) A reargument in Bank was ordered, and it is again brought under review.

It is submitted by appellants that the former opinion shows a misapprehension of important facts when it

states that levee No. 1 was built by defendants in 1879 or 1880.

Levee No. 1 was originally constructed many years prior to 1879, but having been repeatedly broken by action of water, was in 1879 practically incapable of restraining the flow of water, until such portions of it as had been destroyed were rebuilt; such portions were rebuilt by defendants in the winter of 1879–80.

We did not deem it important whether they built a new levee or rebuilt an old one, so long as their acts resulted in flowing the water back upon plaintiff.

Had defendants pleaded a prescriptive right to maintain levee No. 1, the contention of appellants would have force, but no such plea is found in their answer.

It is true the answer avers that "the levee first set out in plaintiff's second count (levee No. 1) was erected more than twenty years before the commencement of the action," and that all the levees upon the lands of defendants were built, and have been maintained, with the knowledge and consent of plaintiff, etc.

An adverse possession or prescription, as it is termed when applied to an easement, may, under our system of practice, be pleaded either by reference to the statute as provided by section 458 of the Code of Civil Procedure, or by stating at length the facts showing that the user commenced and continued under a claim of right, was peaceable, without interruption, open, notorious, and exclusive, and maintained with the knowledge of the plaintiff, etc.

It was in this view of the case that we deemed the facts in reference to the old levee unimportant.

The complaint contains two causes of action, based upon different theories: —

1. A cause of action against the defendants for constructing a levee across a natural stream, whereby the water was turned back upon the land of plaintiff.

2. A cause of action based upon the theory that de-

fendants had prevented the flow from plaintiff's land of the surface water accumulating thereon.

There was a conflict of evidence upon both these causes of action.

So, too, the plea that plaintiff consented to the construction of the levee, interposed, as we suppose, in view of the maxim that "he who consents to an act is not wronged by it," was met by evidence denying such averment, and the jury having passed upon all these questions of fact, their verdict concludes the defendants.

The evidence was abundant to show that defendant Locke participated with Holman in the repairs to levee No. 1, whereby the damage was caused. A number of witnesses who worked upon the levee testified that they were employed by him to do so, and whether or not he was personally present upon the work more than once was wholly unimportant.

We see no error in the admission of testimony in reference to the damages sustained by plaintiff.

"The value of fruit-bearing trees is to be estimated with reference to what they are worth on the premises in their growing state, and not as taken up and removed from the place." (Sedgwick on Damages, 7th ed., 276; *Mitchell* v. *Billingsley*, 17 Ala. 391.)

In the case of forest trees, having no value except as timber, the means by which to determine the damage occasioned by their removal must be quite different from that pursued in determining the value of fruit-trees, which may have no value whatever when removed from the soil, and which, at any rate, are chiefly valuable for that which they produce in a growing state.

The record does not purport to contain all the instructions given by the court.

We see no error in the giving or refusal to give instructions calling for a reversal, and are of opinion the judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.