[No. F033129. Fifth Dist. Apr. 11, 2001.]

SANTA BARBARA PISTACHIO RANCH et al., Plaintiffs and Appellants, v.
CHOWCHILLA WATER DISTRICT, Defendant and Respondent.

**COUNSEL**

Thomas & Snell and David M. Gilmore for Plaintiffs and Appellants.

Brown & Peel and R. Ernest Montanari for Defendant and Respondent.

## OPINION

**WISEMAN, J.**—Santa Barbara Pistachio Ranch and Maple Leaf Pistachio Ranch (plaintiffs) filed suit against Chowchilla Water District (the District), alleging irrigation water provided by the District resulted in the death of several of their mature pistachio trees. At trial, the court ruled the proper measure of damages was the diminution in the value of plaintiffs' land and the cost of restoring the trees, but not the lost profits that could have been derived from the diseased trees. Conceding their damages were de minimis under the court's ruling, plaintiffs made an offer of proof and requested that nonsuit be entered against them. On appeal, plaintiffs contend that our holding in *Serian Brothers, Inc. v. Agri-Sun Nursery* (1994) 25 Cal.App.4th 306 [30 Cal.Rptr.2d 382], applies to claims for damages to permanent crops arising under trespass and nuisance theories of liability and that the proper measure of their damages includes lost future profits. We find *Serian Brothers* is not controlling here, since it did not directly address the issue of lost profits based on tort theories of liability. However, we conclude the court erred in granting nonsuit, as lost profits may potentially be considered in determining the applicable costs of restoring the pistachio groves.

In addition, we also reverse the order granting summary adjudication on a negligence claim based on the court's failure to provide a statement of reasons in accordance with Code of Civil Procedure section 437c, subdivision (g). Although a court's failure to provide a sufficient statement of reasons is not automatic grounds for reversal, we must reverse here due to the court's apparent decision to disregard certain contradictions in the evidence.

### PROCEDURAL AND FACTUAL HISTORIES

Plaintiffs are the owners of pistachio orchards in Merced County. Pistachio trees generally do not produce any crop for the first six or seven years of their development. The trees take approximately 17 years to reach maturity and produce a full crop. The reasonable expected production life of a pistachio tree is over 100 years. Plaintiffs' trees were originally planted in 1976 and 1980 through 1981.

By the mid-1980's, plaintiffs' trees began to die from verticillium wilt, a fungal disease that attacks, through the root system, certain types of pistachio trees, as well as row crops such as cotton and tomatoes. Verticillium exists naturally in the soil, and the disease is usually fatal to the tree. In order to minimize the risk of verticillium infection, pistachio trees not otherwise resistant to the disease must be planted in virgin soil, i.e., soil not

previously planted with verticillium-susceptible crops. One of plaintiffs' neighboring property owners did not appear to be suffering from verticillium contamination.

In October 1989, plaintiffs received a notice from the District suggesting there could be contaminants in the canal water from tailwater drains that dispensed irrigation water back into the canal and downstream to other growers. The District encouraged growers to remove tailwater drains from its canals. Plaintiffs questioned the District about their concern that verticillium was being introduced into the canal from tailwater drains upstream, where verticillium-susceptible crops were grown. The District assured plaintiffs there was no verticillium contamination in the canal water and, in any event, the tailwater drains were all being removed.

Over the next several years, plaintiffs' pistachio trees continued to suffer from verticillium wilt. The District assured plaintiffs that it was not possible for canal water to transmit verticillium. In December 1995, independent grower tests confirmed the water supplied by the District to plaintiffs was contaminated with verticillium. In November 1996, plaintiffs filed claims with the District for damages caused by the contaminated water. The District rejected the claims.

On July 2, 1997, plaintiffs filed suit against the District alleging one cause of action for "negligence—property damage." Plaintiffs' first amended complaint added a second cause of action for nuisance. Plaintiffs subsequently filed a second amended complaint, alleging three causes of action: 1) negligence—property damage, 2) nuisance, and 3) an untitled claim for additional damages suffered by Santa Barbara Pistachio Ranch in the 1997-1998 crop year.

The District moved for summary judgment or, in the alternative, for summary adjudication. The court denied the motion in its entirety as to Maple Leaf Pistachio Ranch. However, with respect to Santa Barbara Pistachio Ranch, the court granted the motion on the first cause of action, finding the claim was barred by the applicable statute of limitations.

On February 9, 1999, a jury trial began. The District moved in limine to exclude all testimony regarding lost profits that could be derived from the pistachio trees removed from plaintiffs' property. The District argued the proper measure of plaintiffs' damages was the diminution in property value. While not precluding any particular evidence, the court ruled that the proper measure of damages included the cost of restoring the pistachio groves and the difference in the value of the land before and after the restoration, but not

lost future profits. Plaintiffs then made an offer of proof that they would have presented evidence to establish lost profits "over the period of time necessary for the tree essentially to catch up." Plaintiffs conceded that any diminution in the value of the property as a result of the wrongful acts of the District was de minimis, and requested nonsuit be entered against them in order to facilitate an appeal of the decision. The court granted nonsuit in favor of the District.

Plaintiffs timely filed their notice of appeal.

## DISCUSSION

### I. *Nonsuit*

■ Plaintiffs contend the court erred in granting nonsuit by improperly limiting the measure of damages as provided in *Serian Brothers, Inc. v. Agri-Sun Nursery, supra,* 25 Cal.App.4th 306. We therefore address our holding in that case. But we first set forth the appropriate standard governing our review of plaintiffs' claim.

### A. *Standard of review*

■ In reviewing claims for which the court grants nonsuit, we apply the following standard:

"A defendant is entitled to a nonsuit if the trial court determines that, as a matter of law, the evidence presented by plaintiff is insufficient to permit [the trier of fact] to find in his favor. [Citation.] 'In determining whether plaintiff's evidence is sufficient, the court may not weigh the evidence or consider the credibility of witnesses. Instead, the evidence most favorable to plaintiff must be accepted as true and conflicting evidence must be disregarded. The court must give "to the plaintiff['s] evidence all the value to which it is legally entitled, . . . indulging every legitimate inference which may be drawn from the evidence in plaintiff['s] favor." ' [Citation.] A mere 'scintilla of evidence' does not create a conflict . . . ; 'there must be *substantial evidence* to create the necessary conflict.' [Citation.]

"In reviewing a grant of nonsuit, we are 'guided by the same rule requiring evaluation of the evidence in the light most favorable to the plaintiff.' [Citation.] We will not sustain the judgment ' "unless interpreting the evidence most favorably to plaintiff's case and most strongly against the defendant and resolving all presumptions, inferences and doubts in favor of the plaintiff a judgment for the defendant is required as a matter of law." '

[Citation.]" (*Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 291 [253 Cal.Rptr. 97, 763 P.2d 948]; see also *Stapper v. GMI Holdings, Inc.* (1999) 73 Cal.App.4th 787, 791 [86 Cal.Rptr.2d 688].)

Further, matters presenting pure questions of law are subject to our independent or de novo review. (See *Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960]; *Diamond Benefits Life Ins. Co. v. Troll* (1998) 66 Cal.App.4th 1, 5 [77 Cal.Rptr.2d 581].) With these principles in mind, we turn to the merits of plaintiffs' contention.

### B. *Serian Brothers, Inc. v. Agri-Sun Nursery*

Plaintiffs rely heavily on *Serian Brothers, Inc. v. Agri-Sun Nursery*, *supra*, 25 Cal.App.4th 306, in arguing the proper measure of damages included lost future profits from the pistachio trees. In *Serian Brothers*, a commercial grower purchased from a nursery peach trees that later exhibited symptoms of a bacterial disease. The grower sued the nursery for breach of contract, breach of warranty, negligence and deceit, alleging the trees were already diseased when they were purchased. The trial court granted the nursery's motion for nonsuit on all causes of action except the deceit claim. Applying *Posz v. Burchell* (1962) 209 Cal.App.2d 324 [25 Cal.Rptr. 896], the trial court found that the proper measure of damages was the decrease in the market value of the land as a result of the diseased trees, and the grower had presented no evidence on the market value of the land. (25 Cal.App.4th at pp. 308-310.)

We reversed, holding that the measure of damages set forth in *Posz v. Burchell*, *supra*, 209 Cal.App.2d 324 was not the only measure of damages that could be utilized in a case of nonconforming nursery stock. Instead, we found the grower could choose to present expert evidence of lost profits and evidence of other incidental and consequential damages. We concluded *Posz* was incorrectly decided to the extent it held that only one measure of damages could properly be utilized in the situation just described. Moreover, even if *Posz* was correctly decided, it was superseded by California's adoption of the Uniform Commercial Code, which provides for a determination of damages "in any manner which is reasonable." (*Serian Brothers Inc. v. Agri-Sun Nursery*, *supra*, 25 Cal.App.4th at pp. 309, 313-326.) We explicitly found: "When a seller of fruit trees or berry vines breaches an express or implied warranty made to a buyer, the buyer is no longer restricted to a utilization of the measure of damages prescribed by *Posz*." (*Serian Brothers*, *supra*, 25 Cal.App.4th at p. 315.)

Plaintiffs argue that the logic of *Serian Brothers* should extend to this case. Here, however, we do not have a purchase of nonconforming

nursery stock. Instead, we have productive trees allegedly damaged by irrigation water provided by the District. There is no breach of contract or breach of warranty claim alleged, only tort claims. As a result, the Uniform Commercial Code does not apply. (See Cal. U. Com. Code, § 1102 [purpose of California Uniform Commercial Code to simplify, clarify and modernize law governing commercial transactions]; see also Cal. U. Com. Code, §§ 1201, 2101-2106; *Los Angeles Nat. Bank v. Bank of Canton* (1991) 229 Cal.App.3d 1267, 1278-1279 [280 Cal.Rptr. 831] [comparing distribution of loss under tort law and California Uniform Commercial Code].)

We find *Serian Brothers* does not directly address the facts of this case. We therefore examine the proper measure of damages for the destruction of or injury to productive trees based on tort theories of liability.

### C. *Measure of tort damages for injured productive trees*

The courts have articulated several different rules for measuring damages for injury to or the destruction of fruit, nut or other productive trees. As a result, we find the comments of Witkin pertaining to injury to land and improvements particularly germane in this case: "The different kinds of real property and varying types of injury make it unwise to establish a fixed rule governing damages, and consequently a number of alternative theories are applied." (6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 1460, p. 934; see also Annot., Measure of Damages for Destruction of or Injury to Fruit, Nut, or Other Productive Trees (1979) 90 A.L.R.3d 800, 803, § 2 [approach to measuring damages for injury to productive trees flexible].)

We begin by recognizing that Civil Code section 3333 provides: "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." This section sets forth the general measure of damages for tortious wrongs. (*Reed v. Moore* (1957) 156 Cal.App.2d 43, 47 [319 P.2d 80]; see also *Howe v. City Title Ins. Co.* (1967) 255 Cal.App.2d 85, 86-87 [63 Cal.Rptr. 119] [negligence case]; *Coats v. Atchison etc. Ry. Co.* (1905) 1 Cal.App. 441, 444 [82 P. 640] [nuisance case].) It applies to actions for the destruction of growing crops. (*Barr v. Branstetter* (1919) 42 Cal.App. 725, 733 [184 P. 409].)

Tort damages are awarded to fully compensate the victim for all the injury suffered. (*Erlich v. Menezes* (1999) 21 Cal.4th 543, 549 [87 Cal.Rptr.2d 886, 981 P.2d 978].) There is no fixed rule for the measure of tort damages under Civil Code section 3333. The measure that most appropriately compensates

the injured party for the loss sustained should be adopted. (*Baker v. Ramirez* (1987) 190 Cal.App.3d 1123, 1137 [235 Cal.Rptr. 857].)

The measure of damages for the destruction of or injury to fruit, nut, or other productive trees is generally the difference in the value of the land before and after the destruction or injury. (See *Hill v. Morrison* (1928) 88 Cal.App. 405, 408 [263 P. 573]; 6 Witkin, Summary of Cal. Law, *supra*, Torts, § 1466, pp. 937-938.) Damages may be additionally measured by the value of the trees on the premises in their growing state. (See *Montgomery v. Locke* (1887) 72 Cal. 75, 77 [13 P. 401]; *Kolberg v. Sherwin-Williams Co.* (1928) 93 Cal.App. 609, 614 [269 P. 975].) Some courts have also awarded damages for the resulting crop loss. (See *Kolberg,* at pp. 613-614; *Andreen v. Escondido Citrus Union* (1928) 93 Cal.App. 182, 185-186 [269 P. 556]; but see *Hill v. Morrison, supra,* 88 Cal.App. at pp. 408-409 [precluding additional damages for crop itself].) Where annual crops are damaged each year for several years, a grower may recover for loss of the crops during those years, the increased labor in the care of the land, and damages for injury to the trees themselves. (See *California O. Co. v. Riverside P. C. Co.* (1920) 50 Cal.App. 522, 529-533 [195 P. 694].)

More recently, the measure of damages for the destruction of fruit trees has included the costs of replacing the trees or restoring the property to its condition prior to the injury. (See *Baker v. Ramirez, supra,* 190 Cal.App.3d at p. 1137.) In *Baker v. Ramirez,* the court held that the cost of restoring an orange grove was the most appropriate measure of damages, where there was no impediment to replacing the orange trees and it was reasonable to replace the trees because only a small portion of the grove was damaged. The court noted that the difference between the value of the property before and after the injury was only one possible measure of damages. (*Ibid.*)

What is apparent from these cases is the flexibility employed in the approach to measuring damages and the broad scope of alternative theories applied to fit the particular circumstances of a case. Here, the trial court identified the cost of restoring the pistachio trees as one potential measure of damages. However, the court precluded any evidence of lost profits in that measure. The cost of replacing the pistachio trees or restoring the groves to their original condition is dependent on the value of the trees. This value is determined, at least in part, by the age of the trees, as age relates directly to the trees' productivity. Lost profits may conceivably be utilized in the analysis valuing these trees, particularly if it is impossible to replace the injured trees with mature trees. Thus, we find the trial court erred in specifically limiting evidence of lost profits in determining the costs of

replacing the pistachio trees or restoring the groves to their condition prior to the injury.

We express no opinion on the most appropriate measure of damages in this case, as this is a question to be resolved in the trial court. Nor do we offer any opinion on the appropriateness of utilizing lost profits to value the trees. As recognized by the District, lost profits in valuing the trees may be too speculative and uncertain to consider in the analysis. Or, there may be other more appropriate means to value the trees. We simply note that, under the unique circumstance of this case, the court erred in automatically precluding evidence of lost profits in determining the applicable restoration costs.

## II.  *Summary adjudication[1]*

■  Plaintiffs argue that the order granting and denying the District's summary judgment motion should be reversed because the court failed to provide a statement of reasons in accordance with Code of Civil Procedure section 437c, subdivision (g). We agree.

Code of Civil Procedure section 437c requires the trial court, by written or oral order, to "specify the reasons for its determination" in granting a motion for summary judgment, with specific reference to the applicable supporting and opposing evidence. (Code Civ. Proc., § 437c, subd. (g); see also *Barton v. Elexsys Internat., Inc.* (1998) 62 Cal.App.4th 1182, 1194 [73 Cal.Rptr.2d 212]; Code Civ. Proc. § 437c, subd. (f)(2) [motion for summary adjudication shall proceed in all procedural respects as a motion for summary judgment].) A statement of reasons is sufficient if it allows for meaningful appellate review. (See *W. F. Hayward Co. v. Transamerica Ins. Co.* (1993) 16 Cal.App.4th 1101, 1110-1111 [20 Cal.Rptr.2d 468].)

The court's failure to provide a sufficient statement of reasons is not automatic grounds for reversal, since " '[i]t is the validity of the ruling which

---

[1]Plaintiffs appealed from the order granting judgment of nonsuit. The District makes a cursory reference that "if the [nonsuit] order is not construed as a final judgment for purposes of the motion for summary judgment, that portion of the appeal must be dismissed . . . ." First, we note that an order granting nonsuit is ordinarily an appealable order if it is in writing, signed by the court, and filed in the action. In such a case, it has the legal effect of a judgment. (See *Galanek v. Wismar* (1999) 68 Cal.App.4th 1417, 1420, fn. 1 [81 Cal.Rptr.2d 236]; *Palazzi v. Air Cargo Terminals, Inc.* (1966) 244 Cal.App.2d 190, 192 [52 Cal.Rptr. 817]; Code Civ. Proc., § 581d; 7 Witkin, Cal. Procedure (4th ed. 1997) Trial, § 429, p. 490.) Second, we observe that intermediate rulings are generally reviewable on appeal from *any* judgment or order made appealable by Code of Civil Procedure section 904.1, including an appealable prejudgment order. (See Code Civ. Proc., § 906; *City of Oakland v. Darbee* (1951) 102 Cal.App.2d 493, 505 [227 P.2d 909].)

is reviewable and not the reasons therefor. [Citation.]' " (*Ruoff v. Harbor Creek Community Assn.* (1992) 10 Cal.App.4th 1624, 1628 [13 Cal.Rptr.2d 755]; see also *Goldrich v. Natural Y. Surgical Specialities, Inc.* (1994) 25 Cal.App.4th 772, 782 [31 Cal.Rptr.2d 162].) "The lack of a statement of reasons presents no harm where . . . our independent review establishes the validity of the judgment." (*Soto v. State of California* (1997) 56 Cal.App.4th 196, 199 [65 Cal.Rptr.2d 11]; see also *Conley v. Matthes* (1997) 56 Cal.App.4th 1453, 1459-1460 [66 Cal.Rptr.2d 518] [applying harmless error standard].)

Here, the lack of a statement of reasons by the court was not harmless error. We find the issues litigated through summary judgment complex, with facts supporting the position of both plaintiffs and the District. Moreover, at the original hearing on the motion, the court identified contradictions in declarations prepared for the motion as compared to testimony given in deposition. The court recognized it had discretion to disregard a party's contradictory declarations. After hearing the arguments of counsel, the court was unable to rule on the motion, stating: "I do want to once again review the transcripts and I want to review them primarily to go over the representations that the District made. [¶] I don't feel I've carefully done that enough to satisfy myself at this time, that is, in my mind I'm not satisfied exactly what the representations were. [¶] So what I'm going to do, I need to do a little more review, I'll notify each of you. I have a practice of not taking anything under submission. [¶] So what I plan to do is I will let each of you know by the 22nd of January."

Despite reference in a minute order to the court reciting its reasons for its decision on the motion on the record, we find no oral or written statement of reasons from the court in our record. In granting summary adjudication, the court clearly decided credibility issues, at least through its apparent decision to disregard certain contradictions in the evidence. As a result, this case does not present a clear de novo standard of review. Without a sufficient statement of reasons from the court, we are precluded from undertaking a meaningful review of the issues. (Cf. *Sacks v. FSR Brokerage, Inc.* (1992) 7 Cal.App.4th 950, 960-961 [9 Cal.Rptr.2d 306] [finding trial court did not err in failing to specify evidence proffered in support of summary judgment motion where one ground for granting motion was opposing party's failure to file substantive opposition and separate statement of disputed facts].) The lack of a statement of reasons in this case compels reversal of the order granting and denying summary judgment.

## DISPOSITION

The order granting judgment of nonsuit is reversed. The order granting and denying the District's motion for summary judgment is reversed on the

limited ground of failure to provide a sufficient statement of reasons. Costs are awarded to plaintiffs.

Ardaiz, P. J., and Thaxter, J., concurred.