[No. C044420. Third Dist. July 27, 2004.]

ACE AMERICAN INSURANCE COMPANY, Plaintiff, Cross-defendant and Respondent, v.
JESSICA WALKER, a Minor, etc., et al., Defendants, Cross-complainants and Appellants.

**COUNSEL**

Larry Lockshin and Janet Manrique for Defendants, Cross-complainants and Appellants.

Hinshaw & Culbertson, Robert J. Romero and Paul E. Vallone for Plaintiff, Cross-defendant and Respondent.

**OPINION**

**BLEASE, Acting P. J.**—Defendants and cross-complainants Kimberly Taylor, as guardian ad litem for Jessica Walker, a minor, appeal from a judgment entered after the trial court granted plaintiff Ace American Insurance Company's (ACE) summary judgment motion and sustained ACE's demurrer to defendants' cross-complaint without leave to amend.

ACE brought this declaratory relief action to determine coverage issues relating to a commercial general liability insurance policy issued to its insured. Walker was injured in an accident while she was a passenger in an a car owned by ACE's insured. We shall conclude the trial court correctly determined there was no possibility of coverage under the policy.

## FACTUAL AND PROCEDURAL BACKGROUND

Walker sustained serious injuries in a car accident that occurred while she was a passenger in a car driven by Kai Sheng Hou (Kai). The title to the automobile in which the collision occurred was held by Kai's father, Hsin Jen Hou (Hsin). Hsin, who lived in Southern California, had purchased the car for his son's use. Kai lived in the Sacramento area, and the accident occurred when Kai was in Sacramento.

Walker sued Hsin, Kai, the Buta Buddhism Research Center (BBRC), and Hou's Institution. BBRC is a religious corporation formed by Hsin. Hou's Institution was a name under which Hsin obtained liability insurance for his business for the conduct of Buddhism studies. ACE insured Hou's Institution under a CIGNA property and casualty commercial general liability policy. Walker's complaint asserted causes of action for negligence and negligent entrustment.

Walker's claim was tendered to Hsin's automobile insurer, Farmers Insurance Group (Farmers). Farmers agreed to provide a defense for Hsin and BBRC. Hsin and BBRC also tendered the claim to ACE. On June 22, 2001, ACE indicated to Hsin's counsel that it was still investigating coverage, but that its "preliminary coverage evaluation entitles the insureds to a defense in the *Walker* lawsuit, subject to the conditions of the Policy and applicable law." Nevertheless, ACE never retained defense counsel for Hsin and BBRC. It eventually paid Farmers $25,000 for attorney fees.

The Farmers policy limit was $25,000. The ACE policy limit was $1 million.

On October 22, 2001, ACE filed a complaint for declaratory relief against Hsin, BBRC and Hou's Institution. The complaint sought a judicial declaration that ACE had no duty to defend or indemnify from the claims asserted in the Walker action. On October 30, 2001, ACE filed a first amended complaint adding Walker as a defendant.

On June 3, 2002, the parties in the Walker action attended a settlement conference and agreed to settle Walker's claims. They signed a written agreement on June 17, 2002. Under the terms of the settlement, the Walker defendants agreed to stipulate to liability and to allow a trier of fact to determine the amount of damages. The Walker defendants agreed to pay the Farmers policy limit of $25,000 and to assign any claims and causes of action they might have against ACE or their agents or brokers to Walker. In return, Walker agreed not to execute the judgment against the Walker defendants.

On July 16, 2002, Walker requested a 60-day stay of ACE's declaratory relief action. Walker requested the stay because the court had not yet

approved the settlement agreement wherein the Walker defendants assigned their claims against ACE to her. Walker represented there was "outstanding discovery from ACE to HOU which pertain to critical issues . . . ." On August 12, 2002, the trial court granted the stay request and the case was stayed until September 15, 2002, 60 days from the request.

Meanwhile, on August 1, 2002, ACE filed a summary judgment motion in its declaratory relief action. The hearing on the motion was scheduled for September 5, 2002. Walker moved to continue the hearing because of the stay, because the settlement was still pending court approval, and because she needed time to conduct discovery. Walker requested the hearing be continued to January 2003. The trial court granted a continuance to October 17, 2002.

On October 9, 2002, Walker filed a cross-complaint in the ACE action. In her capacity as assignee of the Walker defendants' claims she alleged causes of action for breach of the duty to defend, negligence, misrepresentation, breach of contract, and breach of the covenant of good faith and fair dealing. She alleged ACE knew Hsin was seeking coverage that would protect him and BBRC from claims arising from theories of negligence and the alter ego doctrine and told Hsin and BBRC such coverage would be provided, yet failed to provide such coverage. ACE demurred to the cross-complaint.

When Walker filed her opposition papers to the summary judgment motion, she again requested a continuance to allow her time to conduct discovery. Walker stated the court had approved the settlement in the Walker action on September 6, 2002, but that she needed 120 days to conduct discovery. Walker argued she needed time to "conduct discovery regarding the allegations set forth in ACE's complaint and in her cross-complaint." Walker claimed she needed to talk to representatives of BBRC and the insurance agent who sold the ACE policy to find out what was said with regard to who would be the named insured on the policy. Walker needed this information to support her claim that the policy inadvertently listed "Hou's Institution" instead of BBRC as the named insured. Walker also claimed she needed to depose the insurance agent to support her claim of negligence and misrepresentation in failing to deliver the agreed upon coverage.

On November 13, 2002, the trial court issued its written ruling on ACE's summary judgment motion. It denied Walker's request for a continuance and granted ACE's motion for summary judgment.

As to the request for continuance, the court stated that Walker proposed conducting discovery into an alleged error in naming Hou as the insured instead of BBRC and into the representations made concerning the nature and scope of the policy. The court stated that the dispositive issue in the summary

judgment motion was whether the claim made by Walker was within the terms of the policy, and that the items she proposed for discovery would not lead to facts essential to her opposition on that issue.

As to the summary judgment motion, the trial court found the policy's express exclusion for any claim for "bodily injury or property damage arising from the ownership, maintenance, use or entrustment to others of any auto owned or operated by or rented or loaned to any insured[]" to be dispositive of the issue of coverage.

On December 19, 2002, the trial court ruled on ACE's demurrer to Walker's cross-complaint. The trial court sustained the demurrer to the causes of action for breach of the duty to defend, breach of contract, and breach of the covenant of good faith and fair dealing without leave to amend. The court found its earlier ruling on the summary judgment motion which found no possibility of coverage dispositive of these issues.

The trial court sustained the demurrer to the negligence and misrepresentation causes of action with leave to amend. The court ruled the complaint did not allege that auto coverage was requested and not provided and did not sufficiently allege a misrepresentation.

On January 28, 2003, Walker filed a first amended cross-complaint for damages containing a single cause of action for breach of the duty to defend. ACE again demurred on the ground it could not be liable for breaching a duty to defend where the court had already ruled there was no actual or potential coverage under the policy. ACE further argued there could be no resulting damages from failure to defend because the Walker defendants were fully defended by another insurer. The trial court sustained the demurrer without leave to amend. A judgment of dismissal followed.

## DISCUSSION

### I

### Continuance

■ Walker claims the trial court erred in refusing to continue the hearing on Ace's motion for summary judgment to allow her sufficient time to conduct discovery. Walker argued below she had grounds for a continuance

based on Code of Civil Procedure section 437c, subdivision (h), which states in pertinent part: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication or both that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just." In *Bahl v. Bank of America* (2001) 89 Cal.App.4th 389 [107 Cal.Rptr.2d 270], the court stated a continuance is "virtually mandated" where there has been a good faith showing one is needed to obtain evidence essential to justify the opposition to the motion. (*Id.* at p. 395.)

■ "The nonmoving party seeking a continuance 'MUST SHOW: (1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts. [Citations.]' [Citation.]." (*Frazee v. Seely* (2002) 95 Cal.App.4th 627, 633 [115 Cal.Rptr.2d 780].) The trial court need not grant a continuance where the proposed discovery is focused on matters beyond the scope of the dispositive issues framed by the pleadings. (*Allyson v. Department of Transportation* (1997) 53 Cal.App.4th 1304, 1321 [62 Cal.Rptr.2d 490].) The decision whether to grant a continuance is within the discretion of the trial court. (*Frazee v. Seely, supra*, 95 Cal.App.4th at p. 633.)

The ACE policy stated that the named insured under the policy was Hou's Institution, and that Hou's Institution was an individual, presumably Hsin. The location of the insured was listed as 4111 Nogales Street, West Covina, California. The policy stated that if the insured were an individual, coverage was for the individual, but only with respect to the conduct of a business of which he or she was the sole owner. The policy also excluded coverage for bodily injury "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any Insured."

ACE's complaint alleged, inter alia, that their policy provided no coverage for the car accident because the claim did not arise from the conduct of a business of which Hsin was the owner and because the policy excluded coverage for bodily injury arising out of the entrustment of an automobile.

ACE's summary judgment motion argued it was undisputed that the car accident was not in any way related to the conduct of a business owned by

Hsin. ACE also argued the automobile exclusion was unambiguous, and precluded coverage for the car accident since it was undisputed Hsin owned the vehicle in question and entrusted it to Kai. ACE's summary judgment motion was directed to its complaint seeking a declaration regarding coverage, and not to the issues of negligence and breach of various duties to its insured raised by Walker's cross-complaint.

The evidence Walker asserted in support of her request for a continuance, on the other hand, was directed toward her cross-complaint. Her attorney filed a declaration in support of the request stating: "I believe in good faith that there is evidence which will raise several issues of material fact. First, ACE agreed to defend the Hou defendants in the *Walker* action, but breached its duty to do so . . . . Second, CIGNA's insurance policy should have identified Buta Buddhism Research Center as an insured. The only reason Hou's Institution was listed was because the escrow company that was closing the real estate deal for purchase of the premises at 4111 Nogales Street, West Covina, California inadvertently listed 'Hou's Institution' instead of Buta Buddhism Research Center. I need time to meet with the trustees of Buta Buddhism Research Center and the Buddhist nun who spoke with OIS Agency's representative, David Ku, to discuss what was said between them in regard to who was going to be the named insureds on the insurance policy. I need to depose the escrow company's person most knowledgeable regarding the insurance policy. I will also conduct discovery to establish that Ku held himself out as an expert in insurance matters and represented to the Buddhist nun that there would be insurance coverage for the legal contentions made in the *Walker* action. Ku's failure to deliver the agreed upon insurance coverage will constitute actionable negligence. I will seek to obtain evidence establishing that ACE and the other defendants in the cross-complaint misrepresented the nature, extent and scope of the coverage being offered and provided; that there was a request or inquiry by the insureds for particular type or extent of coverage; and that ACE and the other defendants in the cross-complaint action assumed an additional duty by their express agreement or by holding themselves out as having expertise in the given field of insurance being sought by the insured."

None of the discovery Walker sought was related to the issue of coverage, which was the material issue framed by the complaint and addressed by the motion for summary judgment.

Walker argues on appeal that the terms of the policy set forth exceptions to the auto exclusion, and the allegations in ACE's complaint were neutral as to

whether the exceptions to the exclusion applied. This was not one of the grounds Walker argued to the trial court in support of her request for a continuance. Furthermore, only one of the exceptions to the auto exclusion pertained to an automobile. That exception was for parking an auto on or next to the business premises owned or rented by the insured, and only if the auto was not owned, rented or loaned to the insured. There was no dispute that this exception did not apply to the facts underlying the case.

The discovery for which Walker sought a continuance was not essential to her opposition to the motion. Accordingly, the trial court did not abuse its discretion when it denied Walker's request for a continuance.

## II

## Duty to Defend

Walker argues the trial court erred in concluding ACE had no duty to defend. She claims the ACE policy contained an exception to the auto exclusion, but the allegations in her complaint against the Walker defendants was neutral as to whether any of these exceptions to the exclusion would apply.

An insurer has a duty to defend if there is any potential the damages sought by a third party are covered by the policy. (*Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 295 [24 Cal.Rptr.2d 467, 861 P.2d 1153].) The existence of a duty turns on the facts known to the insurer at the inception of the third party lawsuit. (*Ibid.*) Facts extrinsic to the complaint may give rise to a duty to defend if they reveal a possibility the claim may be covered under the policy. (*Ibid.*)

Walker appears to be arguing ACE cannot use evidence extrinsic to the underlying complaint to defeat the duty to defend. However, just as the insured is entitled to rely both on the allegations of the underlying complaint and extrinsic facts to reveal a possibility of coverage, an insurer may rely on extrinsic evidence to show there is no possibility of coverage. (*Montrose, supra,* 6 Cal.4th at pp. 298–299; *Wausau Underwriters Ins. Co. v. Unigard Security Ins. Co.* (1998) 68 Cal.App.4th 1030, 1036 [80 Cal.Rptr.2d 688]; *Atlantic Mutual Ins. Co. v. J. Lamb, Inc.* (2002) 100 Cal.App.4th 1017, 1034 [123 Cal.Rptr.2d 256].)

Walker claims the court erred in finding no duty to defend because the ACE policy contained some exceptions to the auto exclusion and the

complaint in the Walker action was "neutral" as to whether those exceptions applied. However evidence extrinsic to the complaint in the Walker action showed there was no possibility of coverage. The only exception to the auto exclusion applicable to automobiles was for "[p]arking an 'auto' on, or on the ways next to, premises you own or rent, provided the 'auto' is not owned by or rented or loaned to you or the insured . . . ."[1] The traffic collision report prepared by the investigating officer for the accident indicated the accident was caused when an Acura Integra, owned by Hsin and operated by Kai, sped down a Sacramento area street at speeds in excess of 65 miles per hour, lost control, and slammed into the center divider. The incident did not fall within the exception to the exclusion because the auto was not being parked at the time of the accident, it was not on premises owned by the insured, and the auto was owned by the insured.

The trial court did not err in concluding ACE proved there was no possibility of coverage, and therefore no duty to defend.

## III

### Demurrer

Walker claims the trial court erred in sustaining ACE's demurrer to her cross-complaint. She claims the order granting summary judgment was not res judicata because it was not a final judgment. She claims the summary judgment order did not contain sufficient findings to preclude a cause of action based on breach of ACE's duty to defend.

The trial court granted ACE's motion for summary judgment on its complaint for a judicial declaration that ACE had no duty to defend or indemnify Hsin, Hou's Institution, or BBRC in the Walker action. This having been determined, Walker's cross-complaint for breach of the duty to defend could not stand. Whether or not the court's prior determination was res judicata, the question of duty had been answered in the negative, and there could be no breach of a nonexistent duty.

---

[1] Another exception was for the operation of certain designated equipment, defined as "(2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and (3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment." Walker presented no evidence the Acura Integra Kai was driving fit this description, or that there was any reason for ACE to believe it did. She cannot "manufacture a dispute on summary judgment, ipse dixit, by refusing to concede the truth of a fact without adducing some evidentiary support for [her] position." (*Montrose Chem. Corp., supra,* 6 Cal.4th at p. 301.)

Walker apparently attacks the order granting summary judgment on the ground it did not make a specific finding there was no potential for coverage, therefore no duty to defend.

█ Code of Civil Procedure section 437c, subdivision (g) states in pertinent part: "Upon the grant of a motion for summary judgment, on the ground that there is no triable issue of material fact, the court shall, by written or oral order, specify the reasons for its determination. The order shall specifically refer to the evidence proffered in support of, and if applicable in opposition to, the motion which indicates that no triable issue exists." Nevertheless, on appeal we review the validity of the ruling rather than the reasons for the ruling, and failure to provide a sufficient statement of reasons is not automatically a ground for reversal. (*Santa Barbara Pistachio Ranch v. Chowchilla Water Dist.* (2001) 88 Cal.App.4th 439, 448–449 [105 Cal.Rptr.2d 856].) Where our independent review establishes the validity of the judgment, any error is harmless. (*Ibid.*) We concluded in the prior section that the trial court's determination there was no possibility of coverage was correct. Our conclusion is now the law of the case such that if there were error, it would be harmless and reversal and remand on this issue would be pointless.[2]

---

[2] At oral argument Walker asserted for the first time that ACE had a duty to defend because it did not immediately deny the tender of defense or seek a court determination of its duties. The argument is that even if there was no potential for coverage under the policy, the insurer initially agreed to defend subject to a reservation of rights and was thereafter estopped from claiming there was no duty to defend. We need not consider an argument not mentioned in the briefs and raised for the first time at oral argument. (*Sunset Drive Corp. v. City of Redlands* (1999) 73 Cal.App.4th 215, 226 [86 Cal.Rptr.2d 209].)

In any event, we fail to understand the merit of this argument. The elements of estoppel are: "(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct be acted upon, or must so act that the other party has a right to believe that it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) the other party must rely on the conduct to her injury." (*Moore v. State Board of Control* (2003) 112 Cal.App.4th 371, 384 [5 Cal.Rptr.3d 116].) Walker claimed at oral argument that Hsin and BBRC's act of reliance was agreeing to settle and allowing a judgment to be entered against them. To establish a claim of estoppel Hsin and BBRC would have to show they believed ACE was going to provide them a defense, and in reliance on that belief, they agreed to settle the case.

This claim suffers two flaws. First, Hsin and BBRC agreed to settle the case on May 30, 2002. ACE filed its declaratory relief action claiming it had no duty to defend or indemnify on October 22, 2001. Hsin and BBRC were on notice that ACE disputed its duty to defend. Second, we fail to understand the logic of Hsin and BBRC agreeing to settle because they believed ACE would defend them. In fact, Walker claims in her opening brief that Hou and BBRC agreed to settle because ACE *refused* to provide a defense. To establish estoppel, Walker must show Hou and BBRC believed ACE's representation that it would provide a defense, that they settled the case based upon that belief, and that they suffered damage as a result. The facts simply do not bear out such a scenario.

## DISPOSITION

The judgment is affirmed.

Raye, J., and Morrison, J., concurred.