Filed 3/2/23  Beam v. Hardin CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
## DIVISION FOUR

| | |
|---|---|
| TREVOR BEAM, | B316424 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 21STPB00486 |
| TERRENCE HARDIN, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, C. Edward Simpson, Judge. Reversed.

Andrew Post for Plaintiff and Appellant.

Paul Libis for Defendant and Respondent.

# INTRODUCTION

In January 2021, Trevor Beam, a beneficiary of the Anne R. Holland Revocable Separate Property Trust (the Trust), filed a petition in the probate court asserting trustee Terrence Hardin breached his fiduciary duties while handling Trust affairs between February 2013 and November 2017. Hardin filed a request to dismiss the petition, arguing, among other things, Beam's claims were barred by the statute of limitations. Following a hearing, the probate court determined the petition was time-barred and dismissed it without leave to amend.

On appeal, Beam contends the probate court erred by determining his petition was time-barred because Emergency rule 9, enacted by the Judicial Council of California in response to the COVID-19 pandemic, tolled the statute of limitations governing his claims. In response, Hardin argues: (1) we lack jurisdiction to consider this appeal; (2) Beam forfeited his tolling argument by failing to raise it in the probate court; (3) Emergency rule 9 cannot extend the statute of limitations; and (4) Beam failed to show prejudicial error requiring reversal.

As discussed below, we first determine we have jurisdiction to consider this appeal. We then agree with Hardin that Beam forfeited his tolling argument by failing to raise it in the probate court. However, because Beam's contention on appeal presents a pure question of law and rests on undisputed facts, we exercise our discretion to address it on the merits. In so doing, we conclude the probate court erred by dismissing the petition as untimely because Emergency rule 9 tolled the statute of limitations. We also reject Hardin's other contentions. Consequently, we reverse the judgment and remand the case to

the probate court to conduct further proceedings consistent with this opinion.

## BACKGROUND[1]

The following undisputed facts are taken from Beam's petition and the exhibits attached thereto. The Trust was created in February 2009 by Anne R. Holland, Beam's aunt. Beam was a beneficiary of the Trust, and Hardin became the sole trustee upon Holland's death in February 2013. On November 15, 2017, Hardin mailed each of the beneficiaries a Final Distribution and Accounting.

On January 19, 2021, Beam filed a petition under Probate Code[2] sections 15642, 16049, 16420, and 17200. As noted above, the petition asserts Hardin breached his fiduciary duties while handling Trust affairs between February 2013 and November 2017. Through his petition, Beam sought, among other things: (1) removal of Hardin as trustee; (2) appointment of a receiver or temporary trustee; (3) "a full accounting detailing all of the transactions undertaken by [Hardin] on behalf of the Trust[ ]"; (4) "an order directing [Hardin] to surrender and return all of the assets traceable from the [Trust]"; and (5) "[t]o compel [Hardin] to redress the breach of [t]rust by payment of money or otherwise with interest at the legal rate."

In May 2021, Hardin filed a request to dismiss the petition. In addition to several other arguments, Hardin contended Beam's claims were barred by the statute of limitations. Specifically, he

---

1    We limit our discussion of the background to the facts relevant to the issues presented on appeal.

2    All further undesignated statutory references are to the Probate Code.

argued that the claims were governed by the three-year limitations period set forth in section 16460, subdivision (a)(1). According to Hardin, the limitations period began to run on November 15, 2017, when he provided Beam with a final report and accounting satisfying the requirements of sections 16062 and 16063. Hardin asserted the petition therefore was time-barred, as Beam was required to file it no later than November 15, 2020, but did not do so until January 19, 2021.

In July 2021, Hardin filed a supplemental brief in support of his request to dismiss. He argued Emergency rule 9 did not toll the statute of limitations governing Beam's claims because "[t]he [California] Constitution, the Civil Code, and case law preclude and prohibit Emergency rule 9, which emanated from an administrative agency, from being the law or changing the existing statutory law passed by the legislature."

In August 2021, Beam filed an opposition to Hardin's request to dismiss his petition. A day later, he filed a revised opposition. In neither filing did he address Hardin's contention that his claims were time-barred, let alone argue his petition was timely because Emergency rule 9 tolled the applicable statute of limitations.

At a hearing held in September 2021, Hardin's counsel referred the probate court to his supplemental brief filed in July 2021. Specifically, he stated: "We got the statute of limitations problem, and I filed a supplemental brief on that showing that . . . only the Legislature can determine statutes of limitations. And I cited the constitution, the cases, and the court rules." When afforded an opportunity to respond, Beam's counsel made the following remark on the petition's timeliness: "[W]e justifiably relied on the extension provided for the [sic]

emergency order or else we wouldn't have filed it." He did not raise any other arguments relating to Emergency rule 9.

Following the hearing, the probate court dismissed the petition without leave to amend. In so doing, it explained: "The statute of limitations regarding claims arising from accounts of trusts is 3 years, and can begin to run even if the written report that discloses the potential grounds for a claim is not compliant with other requirements regarding accountings. [Citations.] The Petition, filed on January 19, 2021, was filed more than 3 years after [Beam] received the written report upon which his Petition is explicitly based. [Citation.] The Petition is therefore time-barred and dismissal is granted on these grounds, without leave to amend." The probate court did not address whether Emergency rule 9 tolled the statute of limitations.

## DISCUSSION

### I.     Jurisdiction to Consider this Appeal

As an initial matter, we note Hardin contends we lack jurisdiction to consider this appeal. He raises two arguments in support of his position, which we address in turn.

First, Hardin contends Beam seeks to challenge a non-appealable order. In so doing, he cites section 1304, subdivision (a)(1), which provides: "With respect to a trust, the grant or denial of the following orders is appealable: [¶] Any final order under Chapter 3 (commencing with Section 17200) of Part 5 of Division 9, except the following: [¶] (1) Compelling the trustee to submit an account or report acts as trustee." We reject his contention because this statutory provision does not apply here. Beam does not seek review of any order "[c]ompelling [Hardin] to submit an account or report acts as trustee." (§ 1304, subd.

5

(a)(1).) Instead, this appeal challenges the probate court's dismissal of Beam's petition without leave to amend.

Next, although not entirely clear, Hardin appears to contend this appeal is moot. In support of his position, he asserts the Trust was terminated on November 15, 2017, when all of the Trust assets were distributed. Therefore, he argues, Beam cannot obtain two of the remedies requested in his petition, namely, removal of Hardin as trustee and appointment of a receiver.

"'. . . [M]oot cases "are '[t]hose in which an actual controversy did exist but, by the passage of time or a change in circumstances, ceased to exist."'" [Citation.] 'The pivotal question in determining if a case is moot is therefore whether the [appellate] court can grant the [appellant] any effectual relief.'" (*Committee for Sound Water & Land Development v. City of Seaside* (2022) 79 Cal.App.5th 389, 405 (*Committee*).)

Even assuming, arguendo, the Trust was terminated in November 2017, and that Beam cannot obtain the two forms of relief discussed above, we conclude this appeal is not moot. In addition to requesting the relief with which Hardin takes issue, the petition seeks other forms of relief, which do not hinge on the Trust's present existence. For example, as noted above, Beam seeks "[t]o compel [Hardin] to redress [his] breach of [t]rust by payment of money or otherwise with interest at the legal rate." Therefore, through reversing the petition's dismissal, we can "'grant [Beam] . . . effectual relief'" (*Committee*, *supra*, 79 Cal.App.5th at p. 405) by giving him the chance to pursue his claims in the probate court and (if successful) obtain the relief sought.

In sum, for the reasons discussed above, we reject Hardin's jurisdictional contentions and conclude we have jurisdiction over this appeal.

## II.    Order Dismissing Beam's Petition

Beam contends the probate court erred by concluding his petition was time-barred. Specifically, while he concedes the applicable three-year statute of limitations began to run when he received his Final Distribution and Accounting from Hardin on November 15, 2017, he argues that Emergency rule 9 effectively extended the deadline for filing his claims from November 15, 2020 to May 12, 2021. Beam therefore asserts his petition was timely because he filed it on January 19, 2021.

We acknowledge Beam did not raise his tolling argument in the probate court. As noted above, he did not advance the argument in his original or revised opposition to Hardin's request for dismissal. Nor did Beam's counsel clearly present it at the September 2021 hearing. Ordinarily, failure to raise an issue below results in forfeiture on appeal. (See, e.g., *Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489 ["It is well settled that the failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue"].)

"However, there are exceptions to the forfeiture rule. A court of review has discretion to consider an issue not raised in the trial court to the extent it presents a pure question of law or involves undisputed facts." (*Howitson v. Evans Hotels, LLC*, *supra*, 81 Cal.App.5th at p. 489.) Here, the facts underlying Beam's contention on appeal are not in dispute, and whether Emergency rule 9 applies in this case presents a pure question of

7

law. We therefore exercise our discretion and address the merits of Beam's tolling argument. (See *ibid*.)

"[T]he Judicial Council's adoption of emergency rules in 2020, including Emergency rule 9, followed the Governor's declaration of a state of emergency: 'On March 4, 2020, Governor Gavin Newsom declared a state of emergency as a result of the threat of COVID-19, and on March 19, 2020, issued an executive order directing all Californians not providing essential services to stay home. [Citation.] The order did not close courts, which provide an essential service.' [Citation.] [¶] Thereafter, '[o]n March 27, 2020, the Governor [exercised his authority under the Emergency Services Act, including Government Code sections 8567, 8571, and 8627 to] issue[ ] Executive Order N-38-20, which "suspended any limitations in Government Code section 68115 or any other provision of law that limited the Judicial Council's ability to issue emergency orders or rules, and suspended statutes that may be inconsistent with rules the Judicial Council may adopt." [Citation.] [¶] Acting on that authority, on April 6, 2020, the Judicial Council adopted 11 emergency rules.'" (*Committee*, *supra*, 79 Cal.App.5th at p. 401.)

"As originally adopted on April 6, 2020, Emergency rule 9 tolled all statutes of limitation for civil causes of action until 90 days after the Governor declared that the state of emergency related to the COVID-19 pandemic is lifted." (*Committee*, *supra*, 79 Cal.App.5th at p. 401, fn. omitted.) Subsequently, the Judicial Council amended Emergency rule 9 by adopting, among other things, subdivision (a), effective May 29, 2020, which reads as follows: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." (Cal.

8

Rules of Court, Appendix I: Emergency Rules Related to COVID-19, rule 9, subdivision (a).)

The Advisory Committee comment on Emergency rule 9 states that "Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action." (Advisory Com. Cmt., Cal. Rules of Court, Appendix I: Emergency Rules Related to COVID-19, rule 9.) Of particular relevance to this case, the comment further states: "The rule also applies to statutes of limitations on filing of causes of action in court found in codes other than the Code of Civil Procedure, including the limitations on causes of action found in, for example, the Family Code and Probate Code." (*Ibid*.)

Several California appellate courts have held "'[t]he plainly intended meaning of Emergency rule 9 is that statutes of limitation and repose for pleadings commencing civil causes of action . . . are temporarily tolled." (*Committee*, *supra*, 79 Cal.App.5th at p. 403; see also *People v. Financial Casualty & Surety, Inc.* (2021) 73 Cal.App.5th 33, 42.) "'A tolling provision suspends the running of a limitations period.' [Citation.] In other words, 'the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded. As a consequence, the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred.'" (*Committee*, *supra*, 79 Cal.App.5th at p. 403.)

The parties do not dispute the statute of limitations governing Beam's claims is section 16460, subdivision (a)(1). That statute provides, in relevant part: "If a beneficiary has received an interim or final account in writing, or other written report,

that adequately discloses the existence of a claim against the trustee for breach of trust, the claim is barred as to that beneficiary unless a proceeding to assert the claim is commenced within three years after receipt of the account or report." (§ 16460, subd. (a)(1).)

Applying the principles discussed above, including the Advisory Committee's guidance, we conclude Emergency rule 9(a), as amended on May 29, 2020, applies to section 16460, subdivision (a), and tolled the limitations period from April 6 to October 1, 2020 (i.e., for a period of 178 days). As noted above, Beam concedes—and Hardin does not dispute—the limitations period commenced on November 15, 2017, and ordinarily would have expired on November 15, 2020. Emergency rule 9(a), however, effectively "'extend[ed] the deadline'" for Beam to commence a proceeding asserting his breach of trust claims by 178 days, from November 15, 2020 to May 12, 2021. (*Committee*, *supra*, 79 Cal.App.5th at p. 403.) Thus, Beam's petition was timely, as he filed it on January 19, 2021.

We reject Hardin's contention that *Ables v. A. Ghazale Brothers, Inc.* (2022) 74 Cal.App.5th 823 (*Ables*) establishes Emergency rule 9 does not apply here. There, the appellate court affirmed the dismissal of the plaintiff's action based on her failure to bring the case to trial within the time required by Code of Civil Procedure section 583.310. (*Ables*, *supra*, at pp. 825-826.) In so doing, the appellate court rejected the plaintiff's contention Emergency rule 10(a) [3] triggered Code of Civil Procedure section

---

3    Emergency rule 10(a) provides: "Notwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to

10

583.350. (*Ibid*.) That statute provides: "If the time within which an action must be brought to trial . . . is tolled or otherwise extended pursuant to statute . . . , the action shall not be dismissed . . . if the action is brought to trial within six months after the end of the period of tolling or extension." (Code Civ. Proc, § 583.350.) The appellate court explained: "Because Emergency [r]ule 10(a) is not a statute but an administrative rule, it did not extend [the plaintiff's] deadline [to bring her case to trial] pursuant to statute and did not trigger [Code of Civil Procedure] section 583.350's extra six-month period. [Her] failure to establish a statutory 'extension, excuse, or exception' is fatal to her appeal, and the trial court properly dismissed her case." (*Ables*, *supra*, at p. 828, fns. omitted.)

Accordingly, the appellate court in *Ables* considered whether Emergency rule 10(a)'s extension of the time in which a plaintiff must bring a civil action to trial could trigger an additional extension provided by Code of Civil Procedure section 583.350. (*Ables*, *supra*, 74 Cal.App.5th at pp. 825-826.) The court did not address whether Emergency Rule 10(a) could, as an administrative rule, extend the five-year deadline set forth in Code of Civil Procedure, section 583.310. (*Ables*, *supra*, at pp. 825-826.) Nor did it hold that, as Hardin appears to contend, an administrative rule cannot extend deadlines established by statute. (See *ibid*.) Further, the *Ables* court did not address the issue presented in this appeal, i.e., whether Emergency rule 9 tolls the statute of limitations governing a beneficiary's claim for breach of fiduciary duty against a trustee. (*Ables*, *supra*, at pp.

---

bring the action to trial is extended by six months for a total time of five years and six months." (Cal. Rules of Court, Appendix I: Emergency Rules Related to COVID-19, rule 10, subd. (a).)

11

825-826.) Thus, we have no occasion to consider whether we agree with *Ables*. We therefore conclude Hardin's argument that Emergency rule 9 does not apply is unavailing because it is unsupported by the legal authority on which he relies.[4]

Lastly, Hardin argues that even if the probate court erred by finding the petition was time-barred, we should affirm because Beam was not prejudiced by this error. Specifically, Hardin contends the probate court found Beam signed a written release of all claims against Hardin arising out of his administration of the Trust, and dismissed the petition on that additional ground, which Beam has not challenged on appeal.[5]

Again, we reject Hardin's contention. In dismissing the petition, the probate court did not—as Hardin contends—find Beam signed a written release of all of his claims against Hardin, and dismiss the petition on that basis. While the probate court mentioned Beam "signed [a] waiver[,]" it did so solely in the

---

4      We note that in his supplemental brief filed in the probate court, Hardin raised a number of other arguments challenging the applicability of Emergency rule 9 based on other authorities. He has not renewed these arguments on appeal. We therefore need not consider them.

5      For the first time at oral argument, Hardin argued Beam failed to demonstrate the trial court's order resulted in a miscarriage of justice because section 4.4 of the Trust and section 16461, subdivision (a) extinguished all of Beam's probate claims. We need not address this contention because Hardin did not raise it in his appellate brief. (See *Ace American Ins. Co. v. Walker* (2004) 121 Cal.App.4th 1017, 1027 fn. 2 ["We need not consider an argument not mentioned in the briefs and raised for the first time at oral argument."].)

context of summarizing Hardin's argument on the petition's timeliness. Specifically, the probate court stated: "[Hardin] also brings affirmative defenses regarding the statute of limitations, and argues the [p]etition should be dismissed because [Beam] was made aware of any claims in the [p]etition as of November 15, 2017, *when he signed the waiver and acknowledgement of accounting attached to the [p]etition as Exhibit F*." (Italics added.) Immediately thereafter, the probate court determined the petition was time-barred and dismissed the petition without leave to amend solely on that basis.

In sum, for the reasons discussed above, we conclude Emergency rule 9 applies in this case. Per this rule, the three-year statute of limitations governing Beam's breach of fiduciary duty claims was tolled from April 6 to October 1, 2020, and the deadline by which Beam was required to initiate an action asserting his claims was extended from November 15, 2020 to May 12, 2021. Thus, his petition, filed on January 19, 2021, was timely, and the probate court erred by dismissing it as time-barred. Further, we cannot conclude the error was harmless, as Hardin has not shown we may affirm on other grounds.[6]

---

6   Hardin's motion to impose sanctions on Beam and his counsel, filed November 17, 2022, is hereby denied.

## DISPOSITION

The judgment is reversed. The case is remanded to the probate court for further proceedings consistent with this opinion. In the interests of justice, each party shall bear his own costs on appeal.

                                        CURREY, Acting P.J.

We concur:


COLLINS, J.


DAUM, J.*

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.